Tony Gene WILLIAMS, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 1178S276.

Supreme Court of Indiana.

Aug. 24, 1979.

Harriette Bailey Conn, Public Defender, Marcia L. Dumond, David P. Freund, Deputy Public Defenders, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Robert J. Black, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Tony Gene Williams, was convicted in a non-jury trial of Robbery, Class A, Ind.Code § 35–42–5–1 (Burns 1979), and sentenced to forty years' imprisonment. On direct appeal, he raises the following issues:

(1) Whether the evidence was sufficient to sustain defendant's conviction for robbery; and

(2) Whether the sentence imposed is manifestly unreasonable.

The facts from the record most favorable to the state show that on March 25, 1978, a Texaco service station in Fowler, Indiana was robbed. The station manager, Steve Koehn, testified that two Negro males purchased $3.00 worth of gas. One of the men followed Koehn into the station, and while Koehn was putting the money into the cash register the man pulled out a gun and held it to Koehn's head. Koehn turned around and the man pulled the trigger of the gun several times but the gun did not fire. The man then started beating Koehn on the face and head; Koehn lay down on the floor and told the men to take all the money. The man took most of the money out of the cash register. Koehn stayed on the floor until he heard the car drive away, then he called the police. Defendant was arrested a short time later when the car he was driving swerved off the road and became stuck in the mud. Money was found hidden in his pants cuff and shoe. Koehn identified the defendant at trial as the man who had beaten and robbed him.

## I.

■ The defendant first contends that there was not sufficient evidence on the element of intent to sustain his conviction. He testified that he had taken one pill known as "speed" earlier that day in Indianapolis and another "speed" pill while on the road to Fowler. The defendant also testified that because of these drugs he was high and could barely drive the car.

The correct statement of the law in Indiana concerning voluntary intoxication has been set out many times by this Court and applies to alcohol or other drugs. We have often stated that in order for intoxication to relieve a defendant from responsibility, the crime charged must have involved specific intent, and the defendant must have been so intoxicated as to be incapable of entertaining the required specific intent. *Greider v. State*, (1979) Ind., 385 N.E.2d 424; *Snipes v. State*, (1974) 261 Ind. 581, 307 N.E.2d 470. Whether the requisite intent existed is a question of fact for the trier of fact. *Preston v. State*, (1972) 259 Ind. 353, 287 N.E.2d 347.

It is clear that robbery is a crime which requires specific intent. *Snipes v. State, supra.* However, in reviewing the sufficiency of the evidence we do not weigh the evidence or judge credibility. We consider only that evidence most favorable to the state, together with all reasonable and logical inferences to be drawn therefrom. When there is substantial evidence of probative value supporting the judgment, the conviction will not be set aside. *Poindexter v. State*, (1978) Ind., 374 N.E.2d 509; *Henderson v. State*, (1976) 264 Ind. 334, 343 N.E.2d 776.

The burden of proving affirmative defenses, including intoxication, is on the defendant. *Smith v. State*, (1971) 255 Ind. 687, 266 N.E.2d 216. Although the defendant contends that he was too high on "speed" to be able to form a specific criminal intent, there is other evidence which contradicts this argument. One of the police officers at the scene of the arrest testified that he could not observe anything about defendant that indicated he had taken drugs. He stated that the defendant was able to follow instructions and was cooperative and told the police he had not been drinking or taking drugs. The defendant himself admitted that during the ride from Indianapolis he showed the gun to his friend and said they better make some more money, somehow.

The actions of the defendant at the time of the crime in coming up from behind the station manager and his use of the gun were not the actions of a person so intoxi-

cated as to render him incapable of forming a specific intent. We find this was sufficient evidence to support the judgment.

## II.

■ The defendant also contends that the sentence of forty years is excessive and requests this Court to review it. He states that this was his first serious felony conviction, as his prior convictions were for crimes against property rather than crimes against persons. He further states that his youth (he was 19 years old at the time of the crime) should have been a mitigating factor. He also alleges that the trial court considered the offender ratings and sentence recommendation chart as mandatory and failed to make an independent determination of the factors relevant to him.

Defendant was sentenced on June 15, 1978, and therefore a review of his sentence is governed by the Rules for Appellate Review of Sentences. Rule 2 states:

"(1) The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender.

"(2) A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed."

The defendant was convicted of Robbery, a Class A felony. The statutory penalty for Class A felonies is a fixed term of thirty years with up to twenty years added for aggravating circumstances or not more than ten years subtracted for mitigating circumstances. Ind.Code § 35–50–2–4 (Burns 1979). The defendant's presentence investigation showed a history of criminal activity including periods of incarceration at the Indiana Boys School and the State Farm. Both a psychologist and the Administrator of presentence services at the Diagnostic Center in Plainfield felt the defendant represented an extraordinarily poor probationary risk and strongly recommended his incarceration for the protection of society.

The trial court stated that while he realized that forty years was a severe penalty, he had considered all the factors of the presentence report including defendant's criminal history and the risk that he would commit another crime, as well as the circumstances of the crime itself in reaching his decision to add ten years to the basic sentence. These were proper considerations under our statute. West's Ann.Ind.Code § 35–4.1–4–7 (1978); *McNew v. State*, (1979) Ind., 391 N.E.2d 607. From the record of this case, it does not appear that the sentence was manifestly unreasonable.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.