Jerry Michael MULLENS, Appellant,

v.

STATE of Indiana, Appellee.

No. 583S180.

Supreme Court of Indiana.

Dec. 2, 1983.

⚖ 986.2(1)

⚖ 354

John H. McKenna, Gary, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant Mullens was convicted of Murder and Murder in the Commission of a Robbery. The murder conviction was vacated and Mullens was sentenced to forty-five (45) years for the Murder in Commission of a Robbery.

The facts are these: Appellant and Edward Richardson shared an apartment with their girl friends. Richardson's girl friend was the appellant's sister. Richardson and the appellant had conversations concerning robbing some old person. The appellant and Richardson left their apartment on November 22, 1981, and drove in appellant's car to the home of the victim. Richardson knew the victim because they had lived next door to each other when Richardson was a child. Upon arriving at the victim's home, they asked to use the phone claiming they had car trouble. Once in the home they stabbed the victim in the throat causing his death. Then they removed $3,100 and several watches. The pair returned to the apartment where one was heard to proclaim, "We're rich." Later that evening they counted the money and divided it between them. Within twenty-four hours appellant and his girl friend left for Texas. They paid for the trip and an apartment in Houston with cash. A few weeks later they fled Texas for West Virginia where appellant was arrested.

Subsequent to his arrest, appellant submitted to a polygraph examination. This examination forms the basis for his first issue. Appellant's counsel sought a Motion in Limine to prevent the State from using the polygraph statements to impeach appellant should he take the stand in his own defense. He based his motion on two grounds. The first argument was that polygraph examinations and the statements given during them are inadmissible unless the parties stipulate to their admission and the court agrees. The second argument was that the polygraph was conducted pursuant to plea bargain negotiations. Statements made in those circumstances are inadmissible.

The State maintained the statements could be used for impeachment purposes. It conceded neither the results of such an examination nor the fact it was given is admissible. *Dean v. State,* (1982) Ind., 433 N.E.2d 1172; *Vacendak v. State,* (1976) 264 Ind. 101, 340 N.E.2d 352, *cert. denied,* 429 U.S. 851, 97 S.Ct. 141, 50 L.Ed.2d 125. However, it argued the statements should be admitted for the sole purpose of impeaching inconsistent trial testimony by appellant. The Motion in Limine was denied and the appellant did not take the stand in his own behalf.

Appellant contends the denial of the motion caused him not to take the stand, and consequently he was deprived of his due process rights. We find this contention without merit. In an analogous case, *Robinson v. State,* (1983) Ind., 446 N.E.2d 1287, the appellant sought and was denied a Motion in Limine to prevent the State from using the record of a prior conviction to impeach the testimony of the appellant should he decide to take the stand in his own defense. In that case we said:

"First, we point out that the denial of a motion in limine is not error itself unless it occasions prejudice. Error occurs when the challenged evidence is improperly admitted and objection is made at trial. *Bennett v. State,* (1981) Ind., 423 N.E.2d 588; *Lagenour v. State,* (1978) 268 Ind. 441, 376 N.E.2d 475. Here the evidence was never admitted because the defendant did not take the stand. The defendant argues that he was prejudiced because he was denied his right to take the stand. However, the ruling did not deprive the defendant of his constitutional rights. He was free to take the stand and present evidence. If he chose to take the stand, he was then subject to the same tests of credibility as any other witness. *Geisleman v. State,* (1980) Ind., 410 N.E.2d 1293." *Id.* at 1291.

In the case at bar appellant was not denied the right to take the stand by the denial of the motion. We therefore hold the court did not err in denying the Motion in Limine.

Appellant's second issue concerns a statement given to the police by his sister Crystal. In the statement she indicated her brother had the leadership role in the robbery and, in fact, he admitted stabbing the victim. In later conversations with the prosecutor she changed her story and indicated all accusations concerning her brother should have been made against Richardson. At Richardson's trial she testified against Richardson. At appellant's trial counsel attempted to prevent the State from introducing the statement to impeach Crystal's testimony. He contended the statement was, in fact, not her statement but rather a recitation of what Richardson had told her. However, the court and the attorneys struck from the statement all comments attributable to Richardson when only Crystal was present. The statement then consisted of what Crystal saw, what appellant told her and what Richardson said when appellant and his sister were together. This modified statement was then used in the trial to impeach Crystal's testimony.

■ Counsel argues the excising of the statement was not sufficient. He maintains the entirety of the statement is attributable to Richardson and is not admissible in his absence from the courtroom. The State argues the excising statement is admissible under the case of *Patterson v. State,* (1975) 263 Ind. 55, 324 N.E.2d 482 and its progeny, including *Balfour v. State,* (1981) Ind., 427 N.E.2d 1091. These cases hold that prior inconsistent statements may be introduced to impeach a witness who repudiates the prior statement. We agree. The trial court made a conscientious attempt to clear up the hearsay problems by striking the statements attributable to a source not present at trial. In addition the jury heard Crystal's explanation of her inconsistency and they were free to determine which version they believed. We hold the trial court committed no error in admitting the statement.

Appellant next contends there was insufficient evidence to support the findings of the jury.

■ This Court neither weighs evidence nor judges credibility. *Gatewood v. State,* (1982) Ind., 430 N.E.2d 781. *See also, Grigsby v. State,* (1978) 267 Ind. 465, 371 N.E.2d 384.

■ In applying the standards of review to the case at bar, we conclude there was sufficient evidence to support the finding of the jury. The facts show the appellant set out with Richardson to rob the victim; they entered the home under the guise of automobile trouble; they ransacked the home, they took property; and, the victim was killed. In addition appellant fled the state to avoid arrest.

Appellant contends the evidence did not show the required intention to commit the underlying felony of robbery. He argues the facts show only presence not participation. The facts show he went to the home, searched the home and later used the money taken to pay for a trip to Texas. We believe sufficient evidence of probative value existed to support the findings of the jury.

Appellant claims there is error in the court's discretion in sentencing him. The standard for review concerning alleged errors in sentencing is found in Ind.R.Ap.Rev. Sen. 2:

"(1) The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender.

"(2) A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed."

■ The presumptive sentence for this crime is forty (40) years. Up to twenty (20) years may be added for aggravating circumstances, and not more than ten (10) years may be subtracted for mitigating factors. I.C. § 35–50–2–3 [Burns 1979 Repl.]. Appellant was sentenced to forty-five (45) years of imprisonment. This sentence is not manifestly unreasonable. In *Bish v. State,* (1981) Ind., 421 N.E.2d 608, we noted

the trial record must disclose the factors taken into consideration if the sentence is increased or decreased. The record discloses the judge considered five aggravating factors and one mitigating factor in determining the proper sentence for the appellant.

In this appeal the appellant maintains one of the aggravating factors was improperly found and that the record does not reveal the judge gave any thought to the other mitigating factors not listed in the record. Appellant's contention that the record must show a consideration of all the possible mitigating factors listed in the statute is without merit. We find no such requirement in the language of the statute nor in the case law. The judge indicated which of the mitigating factors he found germane to the sentencing and that is sufficient.

The appellant also maintains the judge improperly used the factor of lack of remorse as an aggravating factor. The State correctly maintains the judge is not limited to the factors listed in the statute. Ind.Code § 35–50–1–A7(d) indicates the listing of the factors is not to be considered as constituting the only factors the court might consider in establishing a proper sentence. In *Coleman v. State*, (1980) Ind. App., 409 N.E.2d 647, it was held that lack of remorse could be an aggravating factor which the court might consider. Appellant further argues the court had only one basis for finding a lack of remorse, and that was the appellant's failure to take the stand in his own behalf. He claims his trial silence, a constitutionally protected right, became the basis for an increase in his punishment. The record is silent as to why the judge thought the appellant lacked remorse. However, we believe he could discern such an emotional state from circumstances other than the appellant's failure to take the stand. We hold the trial judge did not abuse his discretion in establishing a forty-five (45) year sentence for the appellant.

The trial court is in all things affirmed.

All Justices concur.