**Russell L. LIMP, Appellant**
**(Defendant below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff below).**

No. 981S242.

Supreme Court of Indiana.

Dec. 20, 1983.

Steve Barber, Lockyear, Barber & Kornblum, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., G. Douglas Seidman, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Judge.

We affirmed defendant's conviction of two counts of child molesting in his direct appeal to this Court, *Limp v. State,* (1982) Ind., 431 N.E.2d 784. However, the case was remanded for a more complete statement of reasons for the enhancement of sentences in accord with the provisions of *Page v. State,* (1981) Ind., 424 N.E.2d 1021, and *Green v. State,* (1981) Ind., 424 N.E.2d 1014, or alternatively to reduce the sentences to the basic or presumptive sentence of 10 years on each count.

Thereafter, the trial court held a resentencing hearing where defendant presented evidence in his behalf. The court resentenced defendant to the same enhanced sentence on the first count, but reduced the sentence on the second count to the basic or presumptive term. As directed by this court, the trial court entered a lengthy statement of reasons for the sentences. The court found the following aggravating circumstances in this case:

"1. That [victim] was a niece by marriage of the defendant.

"2. That on the 20th day of December, 1980, the defendant lured [victim] into the bathroom of his trailer, disrobed, and caused [victim], ten years of age, to place his penis in her mouth and to suck it until he had a climax.

"3. That a like act occurred two to four days before the 20th day of October in the defendant's trailer.

"4. That three days after Thanksgiving in the year 1980 the defendant disrobed in front of [victim] in the bedroom in his trailer, that [victim], his niece, was in a nightgown and had her panties on. The defendant took off her panties and placed his penis in the child's vagina. The child asked the defendant to quit because he was hurting her and he refused to quit until he had a climax. Immediately afterwards he told her that she would be sent to Girl's School if she told and that he would kill her after he got out of jail.

"5. The defendant admitted in the presentence investigation report that he performed acts similar to the above acts for a period of two years prior to December 20, 1980.

"6. The age of the defendant."

And the court found the following mitigating circumstances:

"1. That the defendant was employed twenty-eight (28) years at Whirlpool Corporation.

"2. That he was a good provider for his family, which consisted of a wife and one child."

Before we reach the merits of defendant's challenge to the propriety of these reasons, it must be remembered that it is within the trial court's authority to determine the weight to be given in each case to the aggravating and mitigating circumstances discerned and to increase or decrease the sentence accordingly, as provided by the

statute. *Abercrombie v. State,* (1982) Ind., 441 N.E.2d 442; *McManus v. State,* (1982) Ind., 433 N.E.2d 775. Furthermore, we note that our scope of review is defined within our Rules for Appellate Review of Sentences, and "The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and character of the offender. Ind.R.Ap.Rev.Sen. 2.

■ In enhancing defendant's sentence by five years for aggravating circumstances, the trial court cited defendant's threat to kill the young victim and a prior instance of molestation for which defendant was not charged. Defendant concedes that these are legitimate aggravating factors which may be used as reasons for enhancing a presumptive sentence. He argues, however, that the record here does not support either finding. There is quite simply no merit in this contention. The record here contains the victim's pre-trial statement to the police and her subsequent testimony at trial which support the court's findings that defendant threatened his victim and molested her on a prior occasion.

■ Defendant next charges that the aggravating circumstances cited in the trial court's finding 2, above, is merely a recital of the elements of the crime and hence cannot be used as a reason for enhancing the presumptive term. We agree that the simple repetition of the elements of a crime cannot alone support an enhanced sentence. *Green v. State,* (1981) Ind., 424 N.E.2d 1014. However, this does not preclude the trial court from considering the manner in which the crime was committed as an aggravating circumstances. *Washington v. State,* (1981) Ind., 422 N.E.2d 1218. Here, the trial court properly relied on the manner in which defendant "lured" the young victim into the bathroom and caused her to "suck his penis until climax." This was not a simple repetition of the elements of the crime. We do not believe the trial court abused its discretion by relying on this as an aggravating circumstance.

The trial court also relied upon a pre-sentence investigation report to find another aggravating circumstance. In that report, defendant admitted that he had performed unlawful sexual acts with the victim for a period of two years prior to December 20, 1980. Defendant concedes that this is a legitimate reason for enhancing a sentence, but argues that the use of this information violated his right against self-incrimination since he was not advised of his right to remain silent prior to the pre-sentence interview with his probation officer. Defendant admits that we expressly rejected this same contention in *Gardner v. State,* (1979) 270 Ind. 627, 628, 388 N.E.2d 513. Nevertheless, he urges us to re-examine our decision in light of a recent United States Supreme Court case, *Estelle v. Smith,* (1981) 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359. In *Smith,* the defendant was given a pre-trial psychiatric examination ordered by the trial court to determine his competence to stand trial in a capital murder case. The Supreme Court held that the admission of the psychiatrist's testimony at the sentencing phase of defendant's trial to establish his future dangerousness violated defendant's Fifth Amendment privilege against compelled self-incrimination since defendant was not advised before the pre-trial examination that he had a right to remain silent and that any statement he made could be used against him at the sentencing hearing. We do not agree that *Smith* necessitates either a modification of our decision in *Gardner* or a finding here that defendant's right against self-incrimination was violated. That *Smith* is inapplicable to *Gardner* and the present case is implied where the Supreme Court states, "Of course, we do not hold that the same Fifth Amendment concerns are necessarily presented by all types of interviews and examinations that might be ordered or relied upon to inform a sentencing determination." *Smith,* 451 U.S. at 469 n. 13, 101 S.Ct. at 1876 n. 13.

■ In *Smith,* the Supreme Court was concerned with a *pre-trial* psychiatric examination to determine defendant's competence to stand trial. However, *Gardner* and the instant case involved a *pre-sentence* examination to determine the exist-

ence of any aggravating or mitigating circumstances. In *Smith*, the trial court had ordered the examination for the limited, neutral purpose of determining defendant's competence to stand trial, but the results of that inquiry were used by the state for a much broader objective that was plainly adverse to defendant. Neither defendant nor his counsel were ever notified in advance that the psychiatric examination would encompass the issue of defendant's future dangerousness. In the instant case, however, the purpose of the pre-sentence interview was clear and the defendant knew or should have known that the information obtained might be relied upon to inform a sentencing determination. We conclude that the defendant's right against self-incrimination was not violated through the use, at sentencing, of information which the defendant volunteered.

Defendant finally contends that the trial court acted arbitrarily and capriciously in enhancing the sentence on one, but not both counts on remand. We disagree. The trial court stated that since both terms were to run concurrently, the court would enhance the sentence on only one count since the time served would be the same. Thus, the trial court's decision here was based on practicality and did not prejudice the defendant's rights.

Sentencing is a decision within the trial court's discretion and will be reversed only upon a showing of a manifest abuse of discretion. *Washington v. State*, (1981) Ind., 422 N.E.2d 1218. Here, the court considered the facts of the specific crimes and the character of the offender and gave a sentence within statutory limits. He gave sufficient aggravating circumstances to support the enhanced sentence. Under the circumstances of this case, we certainly cannot say the sentence is manifestly unreasonable.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.