Ralph PRICE, Appellant,

v.

**STATE of Indiana, Appellee.**

**No. 184S25.**

Supreme Court of Indiana.

Sept. 17, 1985.

Susan K. Carpenter, Public Defender, Helanie C. Conour, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from a denial of post-conviction relief. Appellant was convicted of murder in a jury trial; he received a forty-year sentence. This Court affirmed his conviction on direct appeal in *Price v. State* (1980), 274 Ind. 479, 412 N.E.2d 783.

Appellant raises two issues on appeal: (1) whether he had effective assistance of appellate counsel; and (2) whether he had effective assistance of trial counsel.

These are the facts pertinent to the appeal. On July 29, 1983, the post-conviction court held an evidentiary hearing on the petition for post-conviction relief. The court took the matter under advisement. On August 25, 1983, the post-conviction court denied the petition for post-conviction relief and entered its findings of fact and conclusions of law.

In post conviction proceedings Defendant bears the burden of proving his contentions by a preponderance of the evidence. *Lamb v. State* (1975), 263 Ind. 137, 143, 325 N.E.2d 180, 183. The trial judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. *Rufer v. State* (1980), 274 Ind. 643, 413 N.E.2d 880, 882. Defendant stands in the position of one appealing from a negative judgment. In such cases, it is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be disturbed as being contrary to law. *Walker v. State* (1978), 267 Ind. 649, 651, 372 N.E.2d 739, 740. *Popplewell v. State* (1981), Ind., 428 N.E.2d 15.

## I

■ Appellant argues that his appellate counsel in his first and direct appeal was ineffective. He contends that his appellate counsel failed to present an issue on direct appeal. Such issue was whether or not he was denied effective assistance of trial counsel in that trial counsel allegedly allowed him to proceed to trial wearing jail clothing. However, since the post-conviction court considered the issue of effective assistance of trial counsel on the merits, appellant has already received the relief he seeks here.

## II

■ Appellant argues that the post-conviction court erred in not finding that he was denied effective assistance of trial counsel. He contends that trial counsel allowed him to proceed to trial in jail clothes. These guidelines are to be followed when reviewing ineffective assistance claims.

"The proper standard for attorney performance is that of reasonably effective assistance. * * * Judicial scrutiny of counsel's performance must be highly deferential. * * * [T]he defendant must overcome the presumption that, under the circumstances the challenged action might be considered sound trial strategy. * * * A * * * claim * * * has two components. First the defendant must show that counsel's performance was deficient. * * * Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 2064, 2065, 80 L.Ed.2d 674.

Here is the evidence supporting the post-conviction court's determination that trial counsel was not ineffective. Prior to trial, trial counsel made arrangements with appellant's relatives to bring civilian clothes for appellant to wear at trial. Appellant then told trial counsel that he wished to wear jail clothes at trial. Trial counsel attempted to dissuade appellant on at least two other occasions. Trial counsel had a clear discussion with appellant about the ramifications of wearing jail clothes at trial. The trial court determined that appel-

lant was competent to stand trial. This indicates that appellant, despite his despondency, was able to understand his trial counsel's advise concerning his decision to wear jail clothes at trial. The circumstances of this case do not demonstrate that trial counsel's assistance was deficient.

The denial of post-conviction relief is affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., not participating.