James D. MILLER, Appellant,

v.

STATE of Indiana, Appellee.

No. 485S137.

Supreme Court of Indiana.

Oct. 2, 1985.

Robert G. Hamilton, II, Bedford, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted on nine (9) counts of Child Molestation, a Class C felony, and one (1) count of Child Molestation, a Class B felony. He was sentenced to six (6) years on each of the Class C felony counts and to ten (10) years enhanced by ten (10) years, making a total of twenty (20) years on the Class B felony. All sentences are to run consecutively.

The trial judge stated that all sentences were enhanced for the reason:

"[T]hat the defendant is in need of corrective and rehabilitative treatment and that he has shown no motivation by admitting and dealing with his guilt. That he did knowingly and willingly commit the acts of which he has been convicted in such a manner that he's shown total disregard for the welfare and safety and especially psychological and emotional wellbeing [sic] of his victims. That the defendant does have a series of events that would reflect that he has compulsive, harmful anti-social behavior."

On the ten (10) year sentence enhanced by ten (10) years, the court, in addition to the above quoted reasons for enhancement, gave the additional reason that the victim suffered more serious harm in view of his age than the other victims.

The facts are: Prior to his trial appellant had resided at, and was employed by, Fletcher's Flower Shop in Bedford, Indiana. He had, for a number of years, hired young boys to do work in and around the flower shop. A number of the boys would at times stay overnight at appellant's residence, and were free to play games, to watch movies and to eat meals there. Several victims testified that during their overnight visits, and at other times as well, they were touched, fondled and photographed by appellant while displaying their genitals and they were forced to submit to, or to perform, anal sex and fellatio with the appellant. One victim testified that he was physically restrained by appellant in appellant's bedroom, and that appellant then took a picture of him, with the camera lying beside the bed, while the appellant was lying on top of the victim.

At trial appellant testified maintaining his innocence, claiming that he had never done anything to force or entice the boys in his home and that they were fabricating the entire story.

When questioned at the sentencing hearing about the photographs of male genitals which had been found in his nightstand, appellant admitted that one of the pictures could have been of himself; however, he denied having knowledge of who took the photograph, as well as ever having seen the other photographs.

Police Investigator Ron Frazier of the Lawrence County Prosecutor's Office testified that the photographs which the appellant claimed he had never seen and could not identify had been the subject of questioning of the appellant in the Bedford City Police Department earlier that year. At the police department appellant had admitted that he had taken some photographs.

Appellant contends the trial judge erred when she sentenced him to ten (10) years plus ten (10) years on a single count, giving as one of her reasons that the particular victim suffered greater harm because he was younger than the other victims. Appellant takes the position the trial judge was incorrect in her observation that the younger victim suffered greater harm than the older victims.

He cites at length from an article written by Dr. David Finkelhor, who takes the position that the view held by many that younger children who are molested are veritable time bombs set to explode as they mature is erroneous. He states that younger children in fact do not suffer as much as older children from the results of molestation.

Dr. Finkelhor was not a witness in this case and there is nothing in this record to indicate he has any qualifications other than being one of the myriad of persons who have written pro and con on this subject. We have nothing before us upon which to base an opinion that Dr. Finkelhor is correct and that others who write to the contrary are incorrect. Quoted sections of Dr. Finkelhor's book do not constitute evidence to gainsay the judge's decision in this case.

Even if we would accept Dr. Finkelhor's statement that younger children do not suffer as much trauma as older children, we note he is speaking of children ages "four to nine." He states that when children are nearing or in the age of puberty there is greater impact. We would point out that the child in this case was eleven years of age, thus placing him near the age of greater impact than in the age which Dr. Finkelhor states as being a lesser impact age.

■ We hold that Judge Chezem was well within the evidence before her and her ability to observe the witnesses in person to make the determination that a greater sentence should be meted out concerning the victimizing of the eleven-year-old child.

Appellant claims the trial court erred in handing down sentences totalling seventy-four (74) years when there was no credible testimony of the use of force or threat of force. Although one of the children testified to force and threats against his person, appellant claims that testimony should be discounted because the child made conflicting statements during his testimony.

 These conflicting statements were heard by the jury and the sentencing judge. Appellant's argument goes to the credibility of that witness. This Court will not weigh the credibility of the witnesses. That is the province of the jury and the trial judge. *Rodgers v. State* (1981), Ind., 422 N.E.2d 1211. There is substantial evidence of probative value in this record to support a finding that the appellant did in fact use threats and force against at least one victim.

■ Appellant also claims the trial court erred in that a seventy-four (74) year sentence of a fifty-six (56) year old man is excessive and a denial of his Eighth and Fourteenth Amendment rights under the United States Constitution and that it forecloses him from the opportunity for rehabilitation. Although allowances are sometimes made by sentencing courts because of a person's age or infirmity, there is nothing in this record to indicate appellant falls in such category. The fact that the sentence he has received may exceed his life expectancy does not place it in the category of being excessive. The charge that it forecloses him from an opportunity for rehabilitation leads to somewhat conflicting arguments.

At the sentencing of appellant he strongly maintained his innocence, insisting that the children were fabricating the stories. Yet, in attempting to persuade this Court that he should be given the opportunity for rehabilitation, he takes the position that he was molested as a child and that he is in reality "a man with a sickness" and therefore should be treated and given the opportunity for rehabilitation.

In her sentencing of appellant, the trial court pointed out that appellant "has shown no motivation by admitting and dealing with his guilt." We therefore hold the trial judge did not violate appellant's constitutional rights either by the length of the sentence imposed or by the fact that the sentence imposed may provide limited opportunity for rehabilitation.

In further contention that the sentence was entirely out of proportion to the crime, the appellant makes the following remarkable observation in his brief:

"The facts of this case are that the Defendant was a benefactor of the victims. The victims came from broken homes, for the most part, and often went to the defendant's home to escape from the difficult environment at their home. Many of the boys had stayed at the defendant's home for an extended period of time with the blessing of their parents. All had enjoyed meals at the home. None of the boys were forced to come to the defendant's home and none were forced to return, even though most all of them did return, even after the alleged acts had taken place."

This Court finds it incredible that a man charged with crimes of the nature found in this case would make a serious argument that he was in fact a benefactor of the victims. The fact that these hapless children came from broken homes and were given shelter by appellant does not lessen his crime but places him in a worse light in that he deliberately took advantage of children who in fact needed care and shelter and further impinged them in their developing years. The fact that any child molester plies his victims with treats, foods or shelter certainly does not excuse or constitute a defense for his acts of sexual molestation.

His argument that the children were not forced to return is likewise of no moment. The fact that these unfortunate children may have needed a refuge or even if they voluntarily returned to the appellant there is absolutely no defense available to appellant on that ground.

■ Appellant also claims the sentence was excessive because this was his first offense and because of his age. We find no merit in this contention. Sentencing is a matter of discretion of the trial court. *Harris v. State* (1981), Ind., 425 N.E.2d 112. The trial judge was not faced with a single wrongful act in this case, but was dealing with a situation in which the appellant had committed a series of moles-

tations on several children. This certainly removes him from the typical situation of a first offender. As heretofore noted, his age is not an issue in this case. We will not disturb a sentence unless there is a clear constitutional infirmity. *Collins v. State* (1981), 275 Ind. 86, 415 N.E.2d 46, *cert. denied,* 451 U.S. 991, 101 S.Ct. 2331, 68 L.Ed.2d 851. We find no constitutional infirmity in the sentence rendered by Judge Chezem.

The trial court is therefore affirmed.

All Justices concur.