Ronnie E. BATTLES, Appellant,

v.

STATE of Indiana, Appellee.

No. 185S12.

Supreme Court of Indiana.

Dec. 26, 1985.

William L. Soards, Soards & Carroll, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., and Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Robbery, Kidnapping and Conspiracy to Commit Robbery. The court imposed a ninety (90) year sentence.

The facts are: Laura Poole was an employee of the Super X Drugstore on the west side of Indianapolis. Her duties included operating the cash register and serving as the bookkeeper. Throughout the month of January of 1984, Poole met with her brother, Kenneth Johnson, and appellant, a friend of Poole's mother. They discussed various plans for the robbery of the store. The parties agreed to rob the store employee who took the store receipts to the nearby bank.

Appellant, Johnson and a third man, Maurcie Howard, began to visit the store on a weekly basis. They persuaded Poole to give them adding machine tapes which represented the daily receipts. On February 6, 1984, Johnson called Poole at work and told her the robbery would occur on that day. He told Poole that he had not been able to locate appellant but that he had someone else who could assist. Be-

tween 5:00 and 5:30 p.m., both Johnson and Howard entered the store for a few minutes. The robbery took place at 5:45 p.m. in the parking lot of the store.

Gary Kirk was the store employee who carried the bank deposit envelope. On that night it contained nearly $17,000. A man identified as Howard approached Kirk. Howard drew a gun and forced Kirk to enter his truck. Howard forced Kirk to drive about the west side of Indianapolis for nearly one hour. Eventually Howard had Kirk drive into the parking lot of an apartment complex. Howard exited the truck with the money and told Kirk to drive away. Kirk testified that at all times a second vehicle trailed behind his truck. The vehicle followed Kirk after Howard left the truck.

Beverly Ellis, Poole's mother and appellant's friend, testified appellant left her apartment at 5:00 p.m. on the day of the incident. He and Howard returned to the Ellis home at 7:30 p.m. Howard immediately went into a restroom. Appellant followed shortly thereafter. Ellis waited twenty minutes and then she entered. She observed a large envelope, adding machine tape and several stacks of currency. Appellant related the events which transpired during the robbery. He described the robbery as "clean". Appellant gave Ellis several hundred dollars for herself and $2,900 to be held for Poole. When appellant left the Ellis' home, he met Poole and told her, "We finally did it."

Poole testified Johnson indicated he had followed Kirk in one vehicle while appellant was driving a third. Johnson said appellant drove in front of his vehicle and that Johnson then stopped following Kirk. After Howard and appellant had split the money, Johnson called them at Ellis' home. Later he went to the home and collected his share of the money.

■ Appellant contends there was insufficient evidence to support the verdict. In particular, he argues the evidence points only to Howard as the perpetrator of the crimes. The State, at trial and now, contends appellant was the man who drove the

vehicle which followed Kirk. He was charged pursuant to Ind.Code § 35–41–2–4 which provides, "A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense...."

One may be charged as a principal and convicted on evidence of aiding or abetting criminal activity. *Hoskins v. State* (1982), Ind., 441 N.E.2d 419. The evidence presented above is sufficient to support the judgment that appellant aided in the commission of the charged crimes.

Appellant raises the related issue that the trial court erred when it denied his motion for a directed verdict at the conclusion of the State's case in chief. Based upon our holding above, we find no merit in this argument.

■ Appellant argues the trial court erred when it denied his request for funds to transport witnesses from Florida. Appellant filed a notice of intent to impose an alibi defense. He contended he was in Florida at the time of the incident. Appellant did not place this defense before the trier of fact. He contends these witnesses would have supported that defense. At the final pretrial conference, appellant's counsel informed the court of the existence of these possible witnesses. However, counsel informed the court that if a continuance could not be granted to permit the witnesses to gather funds, then appellant would prefer to go to trial immediately without the benefit of the witnesses. At the conclusion of the State's case in chief, appellant asked the court for public funds to pay the cost of bringing the alibi witnesses from Florida. On appeal he cites Ind.Code § 35–37–5–5 for support. The statute provides:

"(a) If a person in any state which by its laws had made provision for commanding persons within its borders to attend and testify in criminal prosecutions in this state or grand jury investigations commenced or about to commence in this state is a material witness in a prosecution pending in a court of

record in this state or in a grand jury investigation which has commenced or is about to commence in this state, a judge of such court may issue a certificate under the seal of the court stating these facts and specifying the number of days the witness will be required. This certificate shall be presented to a judge of a court of record in the county of the state in which the witness is found.

"(b) If the witness is summoned to attend and testify in this state, he shall be tendered a sum for expenses equal to the amount provided under IC 33–17–12–1. Such fees shall be a proper charge upon the county in which such criminal prosecution or grand jury investigation is pending."

The statute contains several procedural requirements which must be satisfied prior to the court issuing a certificate of attendance under Ind.Code § 35–37–5–5. The party seeking the attendance of the absent witness bears the burden to properly follow the procedures outlined in the statute. *Gorman v. State* (1984), Ind., 463 N.E.2d 254. The record does not reveal appellant initiated the correct procedures to compel the appearance of the witnesses. Thus the trial court was under no duty to order the payment of public funds to compensate the out of town witnesses. *Engle v. State* (1984), Ind., 467 N.E.2d 712.

■ Appellant maintains the trial court erred when it imposed the ninety (90) year sentence. He contends the sentence was improper in light of the weak evidence and the fact the trial court's record does not reveal the court considered mitigating factors. The court listed several reasons to enforce the enhanced sentence. Among the factors listed and discussed by the court were: the risk appellant would commit future crimes, the nature of the crimes committed, appellant's past criminal history, the character of appellant and the fact a reduced sentence would depreciate the seriousness of the crime.

The sentence imposed by the trial court is within the provisions of the statute. The factors the court relied upon to enhance the

sentence are among those outlined in Ind. Code § 35–38–1–7. The trial court properly sentenced appellant.

Appellant's trial counsel filed a Motion to Correct Error. Appellant filed, at the same time, a Motion to Allow Defendant to File a Belated *Pro Se* Motion to Correct Error. The trial court denied the Motion to Correct Error and granted appellant's *pro se* motion. Appellant filed his *pro se* motion and attached memorandum. The record reveals the trial court did not enter judgment on this motion.

Court-appointed appellate counsel briefed the issues contained in both motions to correct error. The State argues the issues contained in the *pro se* motion are waived. The State contends the trial court never denied the motion and thus there does not exist an appealable issue. Ind.R.Tr.P. 53.3 provides a procedure for dealing with stale motions of this nature. However, the rule requires an interested party to raise the issue. Apparently neither party sought to invoke the application of the rule. For the purpose of dealing with these issues on their merits, this Court will deem the motion to have been denied.

■ Appellant alleges misconduct on the part of the prosecutor. Appellate counsel reproduces, in the brief, the six incidents of misconduct alleged in the *pro se* motion. Appellate counsel does not present further argument in behalf of these alleged errors. Appellant's failure to cite authority or argument on the issue results in the waiver of the issue. *Smith v. State* (1985), Ind., 475 N.E.2d 1139.

In light of our policy to dispose of issues on their merits when possible, we have reviewed the record as it pertains to the alleged acts of misconduct. We find absolutely no merit in his assertions.

Appellant contends he was denied effective assistance of counsel. He maintains counsel failed to object to the admission of certain evidence, failed to attempt to impeach certain witnesses with inconsistent prior statements, failed to obtain the testimony of the Florida alibi witnesses through

either their depositions or by their actual appearance and failed to spend adequate time in consultation with appellant prior to trial.

■ On the issue of the failure to object to the admission of evidence, we find no merit in the issue. At trial the court admitted State's Exhibits 1 and 2. These consisted of a pair of handcuffs and a gun. These items were recovered by the police during their search for appellant. One item was recovered at the home of appellant's father and the second was found at the separate home of his mother. We have only appellant's bald assertion the items were illegally seized. Counsel did not object to the admission of the items thus the record is devoid of information concerning the seizure of the items. We have upheld the deliberate tactical decisions of counsel and refused to engage in speculation as to the most advantageous strategy. *Elliott v. State* (1984), Ind., 465 N.E.2d 707. Without more from appellant to establish the illegality of the seizure, we will not find ineffective assistance of counsel. *See Foster v. State* (1974), 262 Ind. 567, 320 N.E.2d 745.

■ On the issue of the failure to impeach the witnesses, we find no error. Poole, Ellis and the girl friend of Johnson all testified for the State. Each of these persons had provided tape recorded statements for the police. Appellant contends the contents of the taped statements contradicted the trial testimony of these witnesses. The record reveals counsel sought a brief continuance during the course of the trial to listen to the tapes and make a decision of whether to use them to impeach the trial testimony. The court granted the motion. After listening to the tapes, counsel decided not to use the tapes. Thus the contents of the tapes were never made a part of the record. We have only appellant's assertion again that the contents would have been impeaching. We do not find appellant has established error on the part of counsel.

■ The issue of the testimony of the Florida witnesses was disposed of earlier in this opinion. Appellant's claim that counsel should have gone to Florida and taken the depositions of these witnesses is also without merit. Decisions of whether public funds are to be expended to pay for pauper counsel to travel to Florida to take depositions are left to the discretion of the trial court and not to the discretion of counsel. We find it highly unlikely under the facts of this case that the court would have issued an order of that nature. Counsel was not ineffective for failing to ask the court for the money to travel to Florida.

■ On the issue that counsel failed to spend adequate time in pretrial conferences with appellant, we find no merit. Appellant stated that counsel had only met with him for thirty minutes prior to trial. At the sentencing hearing, appellant made known to the court his dissatisfaction with counsel on this matter. Counsel stated that jail records would indicate the amount of time spent with appellant prior to trial. These jail records were not made a part of the record and thus again we have only appellant's assertions. Again he has failed to carry his burden.

■ Appellant contends the trial court should have voluntarily withdrawn from the cause as he had previous knowledge of disputed evidentiary facts. He argues the court was exposed to facts concerning his prior record during the course of a bond reduction hearing. Appellant's argument is without merit. Appellant does not assert any particular instance of impartiality. We find no error on the part of the court.

■ Appellant argues the trial court erred when it gave four final instructions. He contends they were repetitive and placed undue emphasis on one particular proposition of law. All four instructions dealt with the legal concepts surrounding the notion of "accomplice." One instruction outlined the liability of an accomplice. A second defined the term. A third explained the culpability of an accomplice. The fourth indicated a conviction may be

based on the testimony of an accomplice. We do not find these instructions to be repetitive. While they do have a common theme, they discuss entirely different aspects of that theme.

The trial court is in all things affirmed.

PRENTICE, PIVARNIK and SHEPARD, JJ., concur.

DeBRULER, J., concurs in result.