Reginald SCRUGGS, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 784S293.

Supreme Court of Indiana.

March 12, 1986.

Sheila Suess Kennedy, Mears Crawford Kennedy & Eichholtz, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Reginald Scruggs was convicted after trial by jury of kidnapping, a class A felony, Ind.Code § 35–42–3–3 (Burns 1985 Repl.), deviate criminal conduct, a class B felony, Ind.Code § 35–42–4–2 (Burns 1985 Repl.), robbery, a class C felony, Ind.Code § 35–42–5–1 (Burns 1985 Repl.), and theft, a class D felony, Ind.Code § 35–43–4–2 (Burns 1985 Repl.). He was sentenced to consecutive terms of imprisonment of 50, 20, 8 and 2 years. He raises the following issues in this direct appeal:

1. Whether the evidence was sufficient to sustain the conviction;
2. Whether the sentence imposed was excessive; and,
3. Whether Scruggs was denied effective assistance of counsel.

We affirm.

## I. Sufficiency of the Evidence

Scruggs challenges the sufficiency of the evidence on the basis that it was not proven beyond a reasonable doubt that he was the perpetrator of the crimes. A brief summary of the evidence most favorable to the State follows.

The victim, P.H., testified that on February 1, 1983, she had dinner at an Indianapolis hotel. Around 12:30 a.m. on February 2nd, she ran through the rain to her car, unlocked it and entered. Before she could start the car, a man opened the driver's door and forced her over. He told her repeatedly to cooperate and she would not be hurt.

He started the car and drove for approximately fifteen minutes, all the while holding her down and preventing her from seeing his face. He stopped the car and very carefully removed her jewelry. Then, he forced her several times to commit sodomy on him, telling her to cooperate or he would kill her. He told her he was a burglar by profession, but that he could not resist the opportunity for the sexual assault. When P.H. struggled, he pinched shut her nose and mouth until, she stated, she nearly lost consciousness.

Finally, the assailant put on P.H.'s head a stocking cap he had been wearing. He opened the car door on the passenger side, shoved her out, and drove away in her car with her jewelry and purse.

P.H. had never been able to see her assailant's face, although she told police from what she did observe that he was a black male in his early to mid twenties, approximately 5' 10" and weighing around 170 pounds. Scruggs fits this general description. Later in the trial, after Scruggs spoke during a procedural hearing, P.H. testified that his voice was that of her attacker.

The day after the crimes, Scruggs used P.H.'s bank machine card, which had been in her purse, to remove cash from her checking account. This was proven by AFNB records and a photograph of Scruggs automatically taken at the time of the transaction. Scruggs pawned a ring belonging to P.H. and tried to sell a friend one of P.H.'s necklaces, which he reported having taken from "some lady's neck".

Other testimony showed that appellant was driving P.H.'s automobile the day after the crime. In fact, the car was recovered when Indianapolis police attempted to stop

appellant for speeding. He fled after stopping the car, but his friends in the car gave police his name and address.

The police had an arrest warrant for Scruggs based upon an earlier offense. They went to his apartment and entered. There, in plain view, they observed a black leather purse similar to that which P.H. had reported stolen. The police looked inside the purse and saw P.H.'s identification.

Appellant testified against his attorney's advice. He admitted his possession of P.H.'s car, purse, and jewelry, but related that he had first seen the car with the keys in the ignition parked on the street around 3:00 a.m., after the kidnapping and assault had been reported. He testified he had taken the car, pawned the jewelry which he had found in the car, and used the bank machine card because he needed money, but he denied ever seeing or assaulting P.H. On cross-examination, Scruggs denied having previously told detectives that P.H. had tried to "pick him up" before the attack.

■ The evidence most favorable to the State supports appellant's convictions for kidnapping, criminal deviate conduct, robbery, and theft. His claim that he came into possession of P.H.'s property after she was attacked and robbed by someone else, and his assertion that her description and voice identification are of little weight because of her hysteria after the incident and the fact that she had been drinking that night amounts to nothing more than a request for this Court to reweigh the evidence. This we will not do. *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260.

The jury could have reasonably inferred from all the circumstances—P.H.'s description and voice identification, Scruggs' possession of the stolen property, and his statement that he had taken the necklace from a lady's neck—that Scruggs was the pertpetrator of all the crimes charged. *See Rowan v. State* (1982), Ind., 431 N.E.2d 805.

## II. Competency of Counsel

■ Scruggs claims his trial counsel incompetently represented him. Our standard of review for such claims derives from *Strickland v. Washington* (1984) 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Price v. State* (1985), Ind., 482 N.E.2d 719. First, appellant must overcome a presumption that his attorney's performance was effective, and, second, he must demonstrate that the defense was prejudiced by deficient performance. *Id.*

■ In support of his claim of ineffective assistance of counsel, appellant points specifically to his attorney's failure to move to suppress the evidence of the officer's seizure of P.H.'s purse in Scruggs' apartment. Although his attorney did object when the State first elicited this evidence, appellant claims his attorney's objection was ineffectively asserted. Counsel said:

Yes. I'll state the objection on the record now. Okay. Your Honor, I uh, the evidence before the Court is that that apartment that was occupied by Reginald Scruggs and another female uh, person. They went to the apartment with an arrest warrant, gained entry thereto and the, had Reginald Scruggs been there we would be talking this now hence a search incident to an arrest, alright. The object which is the controversy right now is this black purse. There being a uh, female occupant also known to the police of that apartment and the fact that uh, the purse, in and of itself, was not necessarily, you know, a weapon or contraband on the surface as it appears uh, we object to any further testimony saying that it is an illegal search and seizure and not properly instant (sic) to the arrest at that point and time. Objection made for the record, Your Honor.

This objection, albeit ineloquent, effectively enough raised the issue to the trial court, which overruled on the basis that the purse was in plain view.

■ Appellant argues that hearsay evidence was allowed on the State's assurance that the declarant would later testify. He

claims his attorney was ineffective because, later, when that witness did *not* testify, counsel did not move to suppress the hearsay. The evidence challenged as involving hearsay was the police officer's testimony that he had been told Scruggs' address by the roommate. The roommate's statement was not hearsay, as it was not offered to prove its truth.

■ In any case, counsel's alleged errors pertaining to the officer's arrival at Scruggs' apartment and the seizure of the purse cannot be said to have prejudiced the defense since Scruggs acknowledged possession of the stolen goods and challenged only the sufficiency of the evidence that he was P.H.'s assailant.

Scruggs claim that he had such misgivings about his attorney's performance that he was compelled to take the stand cannot persuade us that his attorney was ineffective. The evidence was overwhelming that Scruggs somehow came into possession of P.H.'s belongings, and his testimony was his only vehicle for attempting to explain the circumstances of his possession. He made this attempt against the advice of his attorney.

Overall, the record belies appellant's unsupported assertion that counsel was ill-prepared and incompetent. Scruggs' counsel was reasonably effective.

### III. Excessive Sentence

Appellant argues his sentence was excessive. Specifically, he claims that certain allegedly mitigating factors should have lead to a lesser sentence. In mitigation he points to his desperate financial situation, his claim of innocence to all but the theft charge, and the fact that no serious bodily injury or attempted murder occurred.

■ Sentencing is a matter committed to the sound discretion of the trial court. This Court will set aside or modify a sentence only where it can be said to be manifestly unreasonable. *Williams v. State* (1979), 271 Ind. 408, 393 N.E.2d 149. Failure to give adequate consideration to mitigating factors such as lack of a significant criminal history has resulted in modifica-

tion of sentence. *Fointno v. State* (1986), Ind., 487 N.E.2d 140 (Givan C.J., and Pivarnik, J., *dissenting*).

■ Clearly, Scruggs' sentence does not offend under this standard. He was sentenced to 80 years upon the trial court's finding, *inter alia*, that he had a significant prior criminal history. The trial court was not required to consider the factors urged by Scruggs in mitigation. *Kocher v. State* (1982), Ind., 439 N.E.2d 1344. Absence of obvious injury is not a mitigating factor. *Fointno, supra*. Even assuming the existence of mitigating factors, it was well within the court's discretion to determine the weight to be given the evidence presented in aggravation or mitigation and to impose sentence accordingly. *Abercombie v. State* (1982), Ind., 441 N.E.2d 442.

The court found in aggravation Scruggs' significant prior criminal history, his need for correctional treatment, and the fact that a reduced sentence would depreciate the seriousness of the crime. The trial court acted well within its discretion and the statutory authority when it enhanced the sentences and ordered them served consecutively based upon these aggravating circumstances. Ind.Code § 35–38–1–7 (Burns 1985 Repl.); *Bish v. State* (1981), Ind., 421 N.E.2d 608. The sentence was not unreasonable.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.