Bobby Lee CHAMBERS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49S00–8601–CR–10.

Supreme Court of Indiana.

Aug. 20, 1986.

Nile Stanton, Nile Stanton & Associates, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Judge.

Defendant Bobby Lee Chambers was convicted in a court trial of rape, a class A felony;[1] criminal deviate conduct, a class A felony;[2] confinement, a class B felony;[3] and robbery, a class B felony.[4] This appeal alleges that his trial attorney failed to provide effective assistance of counsel and that he was denied his right to jury trial.

Reversal for ineffective assistance of counsel is appropriate in cases where a defendant shows both (a) deficient performance of counsel, and (b) resulting prejudice from errors of counsel so serious as to deprive the defendant of a trial whose result is reliable. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. A claim of ineffective assistance must identify the claimed errors of counsel, so that the court may determine whether, in light of all circumstances, the counsel's actions were outside the range of professionally competent assistance. The proper measure of attorney performance is reasonableness under prevailing professional norms. It shall be strongly presumed that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Judicial scrutiny of counsel's performance is highly deferential and should not be exercised through the distortions of hindsight. Isolated poor strategy, experience, or bad tactics do not necessarily amount to ineffectiveness of counsel. *Strickland, supra; Burr v. State* (1986),

1. Ind.Code 35–42–4–1(a).

2. Ind.Code § 35–42–4–2.

3. Ind.Code § 35–42–3–3(a).

4. Ind.Code § 35–42–5–1.

Ind., 492 N.E.2d 306; *Price v. State* (1985), Ind., 482 N.E.2d 719; *Jackson v. State* (1985), Ind., 483 N.E.2d 1374; *Seaton v. State* (1985), Ind., 478 N.E.2d 51.

 To support his allegation of deficient performance of counsel, defendant identifies the following conduct of counsel:

1. failure to object to evidence of a "police file picture;"

2. failure to exclude a knife from evidence;

3. failure to object to question regarding "any other conversation" between the investigative detective and the defendant;

4. failure to investigate and call the forensic serologist as a witness;

5. failure to object to the calling of the bailiff as a witness;

6. failure to object to wording of the probable cause affidavit; and,

7. failure to seek trial by jury.

Our review of the record and the briefs of the parties leads us to conclude that defendant has failed to demonstrate that the trial attorney's performance was unreasonable under prevailing professional norms. The presumption of adequate professional assistance and judgment has not been sufficiently rebutted. More significantly, even assuming, *arguendo*, that the above-identified conduct of counsel were outside the range of professionally competent assistance, we find that defendant was not thereby deprived of a trial whose result is reliable. The defendant was identified in open court as the assailant. The victim described with precision defendant's criminal actions constituting the elements of the charged criminal offenses. The majority of defendant's concerns are not applicable because the case was tried to the court, which is presumed to disregard improper evidence in reaching its decision. *Ottman v. State* (1979), 272 Ind. 262, 397 N.E.2d 273. The other matters involve the choice of reasonable defense strategy, which does not constitute ineffective assistance of counsel. *Mato v. State* (1985), Ind., 478 N.E.2d 57; *Seaton, supra.* We conclude that the defendant was not deprived of effective assistance of counsel.

 Finally, defendant separately complains of his trial counsel's actions in encouraging a waiver of jury trial. Defendant signed a written waiver of his right to a jury trial. Before requesting a trial to the court, defendant conferred with his trial counsel who advised defendant to waive a jury trial because, in counsel's opinion, defendant would not have been a good witness before a jury. Counsel's opinion was based largely upon defendant's problems with a private polygraph examination and his frightened nervous demeanor. In contrast, trial counsel had observed the victim and formed the opinion she would be a persuasive witness to a jury. To quote defense counsel, she looked like "Little Bo Peep." Furthermore, defense counsel advised defendant that a black man who has been charged with raping a white woman, who is not a persuasive looking person and who does not have a clean record, would have difficulty convincing a jury of his innocence. Defense counsel stated he had discussed these factors with his client on numerous occasions and that defendant knowingly waived his right to a jury trial. Clearly, defendant's decision to waive a jury trial, on counsel's advice, was a strategic decision which does not constitute ineffective assistance of counsel, *Clay v. State* (1983), Ind., 457 N.E.2d 177. Defendant fails to refer us to any authority, nor do we find any, supporting his contention that he was thereby denied his constitutional right to trial by jury.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.