**Ronald B. ADKINS, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 28S00–8809–CR–831.

Supreme Court of Indiana.

Nov. 2, 1990.

GIVAN, Justice.

Appellant was charged originally with the offenses of Felony Murder, Murder, Conspiracy to Commit Burglary, Attempted Burglary, Theft, and Possession of Marijuana. Under the murder charge, the State requested the imposition of the death penalty.

The parties entered into a plea agreement whereby appellant tendered pleas of guilty to the offenses of Felony Murder, Attempted Burglary, and Theft whereupon the State moved to dismiss those counts of the information charging the offenses of Murder, Conspiracy to Commit Burglary, and Possession of Marijuana and to withdraw the request for the death penalty. The agreement further provided that the length of the sentence to be imposed would be left to the discretion of the trial court except that any sentences imposed would run concurrently.

It was contemplated that appellant would present evidence and argument on the issue of the length of the sentences to be imposed. The trial court imposed sentences of sixty (60) years for Felony Murder and two (2) years for Theft, the sentences to run concurrently. The trial court correctly merged the Felony Murder and the Attempted Burglary counts.

Prior to the sentencing, appellant moved the trial court to provide funds to obtain witnesses from the State of Florida to testify in his behalf at the sentencing hearing. This the trial court refused to do. However, the trial court ruled that appellant could provide the affidavits of the prospective witnesses. Fourteen such affidavits were obtained and submitted to the trial court.

The facts are: Shortly after midnight on August 29, 1987, appellant and Steve Leon Eads attempted to burglarize the Holtsclaw Service Station in Bloomfield, Indiana. However, unbeknownst to appellant and Eads, the station owner, Milford Holtsclaw, was inside. Apparently, when he heard the men attempting to break into the station, he obtained a shotgun and

Daniel L. Weber, Bauer Miller & Weber, Jessie A. Cook, Trueblood Harmon Carter & Cook, Terre Haute, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

went outside where he fired a shot in the direction of the would-be burglars.

Eads ran toward a brushy area near the station while appellant ran to his pickup truck where he obtained a .30 caliber hunting rifle. While he was doing so, Holtsclaw fired a second shot. After obtaining the rifle, appellant lay behind the wheel of his truck, waited while a car came and went, then shot Holtsclaw in the neck fatally wounding him. Appellant and Eads then fled in the truck but were apprehended approximately three hours later in Vincennes.

Appellant claims the trial court erred in denying his request to summon out-of-state witnesses at public expense to testify in his behalf at the sentencing hearing. Appellant cites Ind.Code § 35–37–5–5 which permits a trial judge to provide for the obtaining of out-of-state witnesses if their testimony is found to be material to the cause. Appellant argues that inasmuch as Ind. Code § 35–38–1–7 (see, now, Ind.Code 35–38–1–7.1) requires the sentencing judge to consider both aggravating and mitigating circumstances, the testimony of his Florida witnesses as to mitigating circumstances was material; thus the refusal of the trial judge to order such witnesses brought to Indiana violated his right to present mitigating circumstances.

However, the trial court in exercising his discretion under the statute found that the presence of the witnesses was not material and that the furnishing of affidavits of the witnesses would be sufficient. Fourteen affidavits were submitted and the trial judge did consider them. In arguing that the testimony of those witnesses was "material," appellant cites the dictionary definition that material evidence is "such as is relevant and goes to the substantial matters in dispute, or has a legitimate and effective influence or bearing on the decision of the case."

In the case at bar, the trial court in fact did consider the affidavits of the Florida witnesses. The trial court found: that appellant was known to his relatives, friends, and peers to be a person of good character, honest, and nonviolent; that he was trusted, reliable, and a good worker who was helpful to other people; that prior to 1987 he had no criminal history; and that he had expressed genuine remorse. These findings recited the substance of the presented affidavits.

The question of whether public funds are to be expended to pay for such witnesses as requested by appellant is addressed to the sound discretion of the trial court. *Battles v. State* (1985), Ind., 486 N.E.2d 535; *see Magley v. State* (1975), 263 Ind. 618, 335 N.E.2d 811. Under the circumstances of this case, we hold the trial judge did not err in denying appellant's motion to bring his witnesses to Indiana in person but ordering instead their affidavits filed for the court's information.

■ Appellant contends the trial court erred in finding as an aggravating circumstance the fact that appellant shot the decedent. He claims that because the shooting was an element of the crime to which he was entering a plea of guilty, that element was not available as an aggravating circumstance in the sentencing. However, he oversimplifies the judge's ruling in this regard. The trial judge in his findings of aggravating circumstances did not use the mere fact of the shooting alone but described in detail the manner in which appellant responded when confronted by the owner of the station. The judge pointed out that appellant could have surrendered or fled. However, he chose to retrieve his rifle from his pickup truck and to lie on the ground beside the wheel of the truck until he had an opportunity to deliberately shoot the victim.

The trial judge made it clear that it was not the shooting alone that was the aggravating circumstance but the manner in which the shooting was committed. This was a proper use of aggravating circumstances. *Shields v. State* (1988), Ind., 523 N.E.2d 411; *Limp v. State* (1983), Ind., 457 N.E.2d 189; *Washington v. State* (1981), Ind., 422 N.E.2d 1218. The trial court did not err in this regard.

■ Appellant claims the trial court abused its discretion in enhancing the pre-

sumptive term of imprisonment for felony murder to the maximum penalty for that offense. Appellant takes the position that the mitigating facts outweighed the aggravating circumstances; thus his sentence should not have been enhanced. This Court will not second-guess a trial court in the weighing of aggravating and mitigating circumstances unless we can find the trial court's sentence to be manifestly unreasonable so that no reasonable person could find the sentence appropriate to the offender. Ind.R.App.Rev.Sen. 2 (see, now, Ind. Appellate Rule 17(B)); *Williams v. State* (1979), 271 Ind. 408, 393 N.E.2d 149.

█ The trial judge carefully reviewed appellant's presentation of mitigating circumstances and thoroughly discussed appellant's criminal record, which included leaving the State of Florida while there was a criminal charge pending there, and also carefully reviewed the circumstances of the shooting. We find the trial court's decision to be within his sound discretion. Therefore it will not be disturbed. *Scruggs v. State* (1986), Ind., 489 N.E.2d 935; *Miller v. State* (1985), Ind., 483 N.E.2d 46.

The trial court is affirmed.

PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion in which SHEPARD, C.J., concurs.

DeBRULER, Justice, dissenting.

In my judgment, consideration of the facts and circumstances relevant to sentencing for this murder supports the conclusion that a maximum term of sixty years is manifestly unreasonable and, in justice, should be revised downward.

Appellant's prior criminal activity was negligible or non-existent, and the weight of aggravating circumstances surrounding the murder do not place it among the most vicious, warranting the maximum sentence. The felony which appellant was in the course of attempting to commit at the time he killed is among the least serious of the class of felonies which can, by statute, support a felony murder conviction. It is

the Class C felony of breaking and entering the building or structure of another with the intent to commit a felony. The felony intended in this instance was theft, a Class D felony. Appellant's intent was to steal from a gas station which appeared closed and unoccupied. Appellant had a rifle in the truck and not a concealed weapon. He did not contemplate using deadly force and did not arm himself in first launching upon this invasion of property. He did so only after he was surprised, fired upon, and trapped between the two buildings by the owner. Considering this fact for sentencing purposes does not denigrate the rights and actions of the owner, but is necessary in making a just evaluation of the circumstances surrounding the use of the gun by appellant as the trial court considered that use to be the basis for this maximum sentence. Appellant's offense is certainly no greater than that which occurs when one attempts an outright armed robbery and the intended victim is killed in a struggle for the weapon. *Cf. Evans v. State* (1986), Ind. 497 N.E.2d 919 (fifty-year sentence for felony murder involving brutality); *Mullens v. State* (1983), Ind. 456 N.E.2d 411 (forty-five year sentence for stabbing and killing an elderly person in her home in course of theft); *Stroud v. State* (1979), 272 Ind. 12, 395 N.E.2d 770 (forty-year sentence given by Judge Hines, but not reviewed). When the nature of this offense is fully considered in juxtaposition with the mitigating factors, a sentence of more than fifty years is manifestly unreasonable.

SHEPARD, C.J., concurs.