Vincent **JAMES**, a/k/a, Victor James, Appellant,

v.

**STATE** of Indiana, Appellee.

No. 64S00–9404–CR–310.

Supreme Court of Indiana.

Nov. 29, 1994.

---

Donald W. Pagos, William Janes, Sweeney, Dabagia, Donoghue, Thorne, Janes & Pagos, Michigan City, for appellant.

Pamela Carter, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Felony Murder. He originally received the death sentence. However, on appeal, this Court found error in the bifurcated sentencing hearing and remanded the cause to the trial court for new sentencing. *James v. State* (1993), Ind., 613 N.E.2d 15.

Upon remand, the State dismissed its request for the death penalty and the trial court proceeded to sentence appellant to the presumptive forty (40) years, enhanced by thirty (30) years by reason of a finding that he was a habitual offender. The sentence was further enhanced by twenty (20) years by reason of: "1) commission of the murder was in perpetration of an armed robbery, 2) criminal history of said defendant." The facts of the crime are set forth in our original opinion cited above and will not be repeated here except as necessary to render this decision.

Appellant claims it was error for the trial court to use an element of the offense as an aggravating circumstance. Appellant was charged with felony murder by reason of the fact he had killed the victim in the perpetration of a robbery. Appellant takes the position that the commission of the robbery was an element of the felony murder charge; therefore, it cannot be used for enhancement. Appellant cites *Adkins v. State* (1990), Ind., 561 N.E.2d 787, and concedes that in that case this Court stated that although the basic elements of the crime cannot be used as aggravating circumstances, the trial judge did not use the fact of the shooting alone as an aggravating circumstance, but relied on the nature of the shooting rather than the mere fact that it had occurred.

The State takes the position that the robbery need not be an armed robbery to support the felony murder charge. Therefore, the fact that appellant was armed was an additional element that could be used as an aggravator. It is true as alleged by appellant, that the trial judge was not specific in setting forth his reasons for using the armed robbery as an aggravator. The record in this case indicates he might well have done so inasmuch as appellant had claimed in his

statement to police that during the robbery his gun was accidentally discharged, causing the death of the victim.

However, a State Police blood-splatter expert testified that at the time the victim received the fatal shot to her head her head was within a few inches of the floor. Thus, the State's theory was that the shot was not accidental but that the victim had been methodically executed after the robbery. Notwithstanding the fact this evidence was in the record, the trial judge did not choose to recite it as his reason for the enhancement. If we assume for the sake of argument that the trial court's stated enhancement that the robbery was an armed robbery is not sufficient, we still have the statement that he was enhancing because of appellant's criminal record, which is a valid enhancement.

█ Appellant alleges that the trial judge's enhancement by reason of his prior criminal record was again an already-used factor in the establishment of his habitual offender status. It is true that the State alleged and proved two prior separate felony convictions of appellant in order to establish the habitual offender status. However, the record reflects a much more extensive criminal record than the two felonies relied on for the habitual offender status. After appellant was released from prison in 1988, "he went on to continue criminal conversions, carry a pistol without a permit, his probation was revoked in November of 1989, committed a battery in November of 1989." The court. also had before it an extensive juvenile record plus offenses that were committed many years after the offenses relied upon by the State for the habitual charge. There is obviously plenty of evidence in this record to support the trial court's finding that appellant had an extensive criminal record.

█ This Court has held that it is permissible for a trial court to consider the same prior offenses for both enhancement of the instant offense and to establish habitual offender status. *Jones v. State* (1992), Ind., 600 N.E.2d 544. However, in this case, the record far exceeds the requirements of *Jones*. The trial court need list only one valid aggravating factor to support an enhanced sentence. *Wills v. State* (1991), Ind.,

578 N.E.2d 363. We find that appellant's extensive criminal record was sufficient to support the enhancement of his sentence.

█ Appellant claims the trial court erred in failing to find any mitigating circumstance. Appellant cites the testimony of Dr. Ikeda, a psychologist, to the effect that appellant was under the influence of extreme mental and emotional disturbance when this crime was committed. He further stated that he believed appellant was drinking alcohol heavily preceding the commission of the crime, that he suffered from cumulative effects of alcohol influence, and that the effects of drugs and alcohol in fact did cloud appellant's judgment.

█ A psychosocial worker called as a witness testified essentially to the same thing. Appellant cites *Page v. State* (1981), Ind., 424 N.E.2d 1021 for the proposition that when a judge merely recites there are no mitigating circumstances when the record clearly supports such, that this gives rise to a belief that the court overlooked the mitigating circumstances. If circumstances in fact are mitigating, they should be recited and if the aggravating circumstances still outweigh them, the trial court should so hold. *Id.* However, if the evidence presented in fact does not qualify as mitigating, the trial court is not required to explain that the factor does not exist. *Fugate v. State* (1993), Ind., 608 N.E.2d 1370; *Hammons v. State* (1986), Ind., 493 N.E.2d 1250. A trial court is not required to consider as mitigating circumstances allegations of appellant's substance abuse or mental illness. *See Fugate, supra.* We see no error on the part of the trial court in the manner in which he weighed the aggravating and mitigating circumstances.

█ Appellant claims the trial court erred in first enhancing the presumptive sentence based upon the habitual offender finding, then enhancing the sentence based upon the aggravating circumstances. We see no merit whatever to this allegation. Both the habitual offender status and appellant's criminal record are factors which will be taken into consideration in pronouncing sentence. It is obvious they must be approached one at a time. We can see no possible harm to appel-

lant resulting from the order in which the court approaches the enhancement of the sentence. We see no error here.

The trial court is affirmed.

SHEPARD, C.J., and DICKSON, J., concur.

DeBRULER and SULLIVAN, JJ., dissent, would remand for a more specific and detailed sentencing order. *Robey v. State* (1990), Ind., 555 N.E.2d 145, 150.