**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**RANDY M. FISHER**
Deputy Public Defender
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana



FILED
Oct 26 2012, 9:22 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| NYUNT SHWE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1203-CR-134 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable John F. Surbeck, Judge
Cause No. 02D06-1104-FB-78

October 26. 2012

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Nyunt Shwe appeals his twelve-year sentence for Aggravated Battery,[1] a class B felony. Shwe presents the following restated issues for our review:

1. Did the trial court abuse its sentencing discretion by overlooking significant mitigating factors?

2. Is Shwe's sentence inappropriate in light of the nature of the offense and the character of the offender?

We affirm.

On April 7, 2011, Shwe, Thein Oo, and Aung Win spent the evening at Shwe's Fort Wayne apartment socializing and drinking together. At some point in the evening, Thein Oo and Aung Win became involved in a physical altercation in which Aung Win stabbed Thein Oo with a knife. Aung Win then left the apartment, but later returned. After Aung Win entered the apartment, Shwe punched him in the face and then struck him in the head with a kitchen pestle. Aung Win was knocked unconscious, and Shwe initially thought he was sleeping. At around midnight, however, Shwe realized that Aung Win was dead. Shwe covered Aung Win's body with a blanket and then went to sleep nearby.

The next morning, a neighbor entered Shwe's apartment and discovered Aung Win's body. At the time, Shwe and Thein Oo were seated in very close proximity to the body and watching a movie. When the neighbor asked Shwe and Thein Oo what they had done, they fled. Law enforcement was summoned and conducted a search of the apartment. Police discovered the bloody kitchen pestle, as well as a bloody cleaver and knife. Aung Win's blood was found on the pestle and the blade of the cleaver. Thein Oo's blood was found on the knife, and the cleaver handle contained a mixture of DNA from Shwe, Thein Oo, and

---

[1] Ind. Code Ann. § 35-42-2-1.5 (West, Westlaw current with all 2012 legislation).

Aung Win. Examination of Aung Win's body revealed extensive injuries, including multiple bruises and lacerations to his face and head, a depressed area on the side of his skull, and bleeding on his brain. The cause of death was determined to be blunt force trauma to the head.

In relation to these events, the State charged Shwe with aggravated battery, battery, reckless homicide, and involuntary manslaughter. Following a three-day jury trial, Shwe was found guilty as charged. At a March 2, 2011 sentencing hearing, the trial court entered judgment of conviction on the aggravated battery count only and sentenced Shwe to twelve years imprisonment in the Department of Correction. Shwe now appeals his sentence.

1.

Shwe first argues that the trial court abused its sentencing discretion by overlooking significant mitigating circumstances. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* "An abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* at 491 (quoting *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)).

A trial court may abuse its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4)

3

entering a sentencing statement that includes reasons that are improper as a matter of law. *Anglemyer v. State*, 868 N.E.2d 482. If the trial court abuses its discretion in one of these or another way, remand for resentencing is the appropriate remedy "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.* at 491.

Shwe argues that the trial court abused its discretion in failing to identify four allegedly significant mitigating factors advanced for consideration at his sentencing hearing: (1) his limited criminal history; (2) his history of substance abuse; (3) his previous employment; and (4) his community ties and support system. An allegation that the trial court failed to identify a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer v. State*, 868 N.E.2d 482. A sentencing court is not obligated to find a circumstance to be mitigating merely because it is advanced as such by the defendant, nor is it required to explain why it chose not to make a finding of mitigation. *Felder v. State*, 870 N.E.2d 554 (Ind. Ct. App. 2007). A trial court does not abuse its discretion in failing to find a mitigating factor that is highly disputable in nature, weight, or significance. *Rogers v. State*, 878 N.E.2d 269 (Ind. Ct. App. 2007), *trans. denied*.

With respect to Shwe's criminal history, we note that while a lack of criminal history may be considered a mitigating circumstance, trial courts are not required to give significant mitigating weight to a defendant's lack of criminal history, particularly "'when a defendant's record, while felony-free, is blemished.'" *Townsend v. State*, 860 N.E.2d 1268, 1272 (Ind. Ct. App. 2007) (quoting *Stout v. State*, 834 N.E.2d 707, 712 (Ind. Ct. App. 2005), *trans.*

4

*denied*), *trans. denied.* While Shwe has no previous felony convictions, he has accumulated four misdemeanor convictions. In 2000, Shwe was convicted of two counts of leaving the scene of an accident and one count of public intoxication. In 2001, Shwe was again convicted of public intoxication. In imposing sentence in this case, the trial court noted Shwe's limited criminal history, but declined to consider it as a mitigating circumstance. Specifically, the trial court stated "this Defendant does not have a clear record, although the record that he has is misdemeanors and they're old. So I'm going to find that it's neither aggravating [n]or mitigating." *Sentencing Transcript* at 19. In light of Shwe's prior convictions, we cannot say that the trial court abused its discretion in declining to identify his limited criminal history as a mitigating circumstance.

Shwe also argues that the trial court abused its discretion in failing to identify his history of substance abuse as a mitigating factor. A trial court is not required to consider a defendant's substance abuse as a mitigating circumstance. *James v. State*, 643 N.E.2d 321 (Ind. 1994). In fact, trial courts have sometimes found a history of substance abuse to be an aggravating rather than mitigating circumstance. *See Bryant v. State*, 802 N.E.2d 486 (Ind. Ct. App. 2004), *trans. denied*; *Iddings v. State*, 772 N.E.2d 1006 (Ind. Ct. App. 2002), *trans. denied*. In the instant case, the record establishes that Shwe has twice completed court-ordered substance abuse treatment. Nevertheless, Shwe has apparently continued to abuse alcohol and has not sought further treatment. On this record, Shwe has not established an abuse of discretion based upon the trial court's refusal to consider his substance abuse history as a mitigating circumstance.

With regard to Shwe's employment history, the presentence investigation report shows that Shwe held a job from 2003 to 2009, but he was terminated in 2009 and has no other reported employment since that date. Thus, Shwe was unemployed for well over a year prior to committing the instant offense. The trial court did not abuse its discretion in declining to consider Shwe's employment history as a mitigating circumstance.

Finally, Shwe argues that the trial court abused its discretion in failing to consider his community ties and support system as a mitigating factor. Shwe has not, however, directed our attention to any evidence in the record supporting his contention that he has strong community ties or a significant support system. The presentence investigation report indicates that Shwe is single with no dependent children and no immediate family in the country, and he has not claimed to have any affiliation with social or religious groups within the community. Given the complete dearth of evidence supporting Shwe's contention that he enjoys community ties and support, we must conclude that this proposed mitigating circumstance is neither significant nor clearly supported by the record. Accordingly, the trial court did not abuse its discretion by failing to consider it.

2.

Next, Shwe argues that his twelve-year sentence is inappropriate in light of the nature of the offense and his character. Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. Pursuant to Ind. Appellate Rule 7, the Supreme Court authorized this court to perform the same task. *Cardwell v. State*, 895 N.E.2d 1219 (Ind. 2008). Per App. R. 7(B), we may revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is

inappropriate in light of the nature of the offense and the character of the offender." *Wilkes v. State*, 917 N.E.2d 675, 693 (Ind. 2009), *cert. denied*, 131 S.Ct. 414 (2010). However, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). The burden is on the defendant to persuade us that his sentence is inappropriate. *Reid v. State*, 876 N.E.2d 1114 (Ind. 2007).

Shwe committed class B felony aggravated battery, for which the sentencing range is six to twenty years, with an advisory sentence of ten years. Ind. Code Ann. § 35-50-2-5 (West, Westlaw current with all 2012 legislation). Shwe was sentenced to twelve years executed in the Department of Correction. Thus, Shwe received a sentence above the advisory, but still well below the maximum for his offense.

With regard to the nature of the offense, Shwe admits that he committed an "egregious criminal act," but nevertheless argues that he deserves a reduced sentence because "the victim Aung Win did not have completely clean hands in this incident, as it is well documented that he was also extremely intoxicated and stabbed Thein Oo with a knife previously in the evening." *Appellant's Brief* at 14. While there was evidence presented that the victim stabbed Thein Oo earlier in the evening, Shwe was not acting in defense of himself or Thein Oo when he committed the instant offense. Rather, the record shows that Aung Win left the apartment after the altercation with Thein Oo. When Aung Win returned later, Shwe punched him in the face and hit him in the head with a kitchen pestle, causing his death. We also note that by causing Aung Win's death, Shwe inflicted greater harm than is necessary to

7

support an aggravated battery conviction. *See* I.C. § 35-42-2-1.5 (providing, in relevant part, that a person who knowingly or intentionally inflicts injury that creates a substantial risk of death or causes serious permanent disfigurement or protracted loss or impairment of the function of a bodily member or organ commits aggravated battery).

Additionally, Shwe did not seek medical help for Aung Win after knocking him unconscious and, when Shwe realized Aung Win was dead, he covered his body with a blanket and then went to sleep nearby. The next day, when a neighbor entered Shwe's apartment and discovered the body, Shwe and Thein Oo were sitting and watching a movie in very close proximity to the body. When the neighbor asked what they had done, Shwe and Thein Oo fled. We find Shwe's casual treatment of Aung Win's body disturbing, to say the least.

Considering Shwe's character, we find that his failure to obtain medical help for Aung Win, his treatment of Aung Win's body, and his flight from the scene all reflect poorly on his character. His criminal history, while relatively minor, also reflects negatively on his character. Shwe argues, however, that his culpability is diminished due to his "issues with alcohol, which ultimately fueled the events that lead to Aung Win's death." *Appellant's Brief* at 14. Although it appears that Shwe has problems with substance abuse, the record shows that he has taken steps to address these problems only when ordered to do so by the court. And despite having previous alcohol-related convictions and receiving counseling in conjunction with those convictions, Shwe continued to abuse alcohol. Under these facts and circumstances, we cannot say that Shwe's substance abuse diminished his culpability such that his twelve-year sentence is inappropriate. We therefore decline Shwe's request for

appellate revision of his sentence.

Judgment affirmed.

BROWN, J., and PYLE, J., concur.