## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 15 2016, 10:07 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Randy M. Fisher
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mark D. Priest, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | July 15, 2016 <br><br> Court of Appeals Case No. <br> 02A03-1601-CR-118 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Wendy W. Davis, Judge <br><br> Trial Court Cause No. <br> 02D05-1509-F6-833 |

**Pyle, Judge.**

# Statement of the Case

Mark Priest ("Priest") appeals the sentence imposed following his convictions for Level 6 felony residential entry,[1] Class B misdemeanor criminal mischief,[2] and Class B misdemeanor battery.[3] He specifically contends that (1) the trial court abused its discretion by failing to consider his proposed mitigating factors; and (2) the two and one-half-year sentence imposed for his Level 6 felony residential entry conviction is inappropriate in light of the nature of the offense and his character. Because we conclude that the trial court did not abuse its discretion in failing to consider Priest's proposed mitigating circumstances and that his sentence is not inappropriate, we affirm.

We affirm.

# Issues

1. Whether the trial court abused its discretion in failing to consider Priest's proposed mitigating factors.

2. Whether Priest's sentence is inappropriate in light of the nature of the offense and his character.

---

[1] IND. CODE § 35-43-2-1.5.

[2] I.C. § 35-43-1-2.

[3] I.C. § 35-42-2-1.

# Facts

On September 2, 2015, Karrie Packer ("Packer") was in the leasing office of her new apartment complex when she met Priest, a forty-six-year-old maintenance worker. Packer asked Priest to help her move boxes into her apartment, and Priest told her he could help her after he had finished his work day. Later that afternoon, Priest helped Packer with her boxes, and Packer offered to cook him dinner in return for his help. Packer subsequently told Priest that she "was still working on [her] walk with God and that [she planned] on going back to church." (Tr. 94). Priest respond that he was a "dark angel on the other side against God, and that he was not really a human that he was a spirit." (Tr. 94). Priest's comments made Packer feel "fearful and offended," and she asked Priest to leave. (Tr. 97). An angry Priest grabbed his phone and told Packer that she did not know who he was and what he could do.

Packer went to sleep about 8:30 p.m. She was awakened three hours later when Priest busted down her front door, ran towards her bed, and jumped on top of her. As he landed on the bed, Priest told Packer that she was "going to meet God tonight." (Tr. 103). Packer, fearful that she was going to lose her life, apologized to Priest for asking him to leave earlier that night and told him that they should be together. When Priest relaxed and moved off Packer, she was able to run outside to the parking lot and scream for help. Bystanders telephoned the police.

Fort Wayne Police Department Officers Lisa Woods and Christopher Reed were dispatched to the scene. They found Priest inside Packer's apartment. His

pants were unzipped and partially pulled down, and he had bloodshot eyes, slurred speech, and the odor of alcohol on his breath. After the officers had taken Priest to the police department for an interview, Packer returned to her apartment to find broken dishes and a hole in the kitchen wall. She also realized that a bracelet was missing. Police officers later noticed that Priest was wearing the missing bracelet.

[6] Priest was subsequently convicted in a jury trial of Level 6 felony residential entry, Class B misdemeanor criminal mischief, and Class B misdemeanor battery. Evidence presented at the sentencing hearing revealed that Priest had six prior misdemeanor convictions, including convictions for operating while suspended, public intoxication, reckless driving, operating a motor vehicle while intoxicated, and invasion of privacy. Priest also had four prior felony convictions, including convictions for operating a motor vehicle while intoxicated with a prior conviction and failure to appear. In addition, he had had two probation revocations and one parole violation, and, at the time he committed the offenses in this case, he was on probation for one offense and parole for another offense. At the time of sentencing, Priest was also wanted on an active warrant in another county. The evidence further revealed that he had three children, two of whom were adults and one of whom was an eighteen-year-old dependent child. In addition, Priest was $5,000 in arrears on child support. Lastly, Priest told the trial court that he had a twenty-eight-year work history and that he was capable of full-time work.

At the end of the sentencing hearing, the trial court sentenced Priest to two and one-half years (2½) for the Level 6 felony and one hundred and eighty (180) days for each Class B misdemeanor. The trial court further ordered the sentences to run concurrently to each other for a total executed sentence of two and one-half (2½) years. Priest now appeals his sentence.

# Decision

Priest argues that (1) the trial court abused its discretion by failing to consider his proposed mitigating factors; and (2) the two and one-half year sentence imposed for his Level 6 felony residential entry conviction is inappropriate in light of the nature of the offense and his character. We address each of his contentions in turn.

## 1. Abuse of Discretion

Sentencing decisions are within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. However, a trial court may be found to have abused its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement; (2) entering a sentencing statement that explains reasons for imposing a sentence where the record does not support the reasons; (3) entering a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration; and (4) entering a sentencing statement in which the reasons given are improper as a matter of law. *Id.* at 491. The

weight given to those reasons, i.e., to particular aggravators or mitigators, is not subject to appellate review. *Id.*

[10] Priest argues that the trial court abused its discretion because it did not find his twenty-eight-year work history, his history of substance abuse, and the hardship to his dependent child to be mitigating factors. A trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. *Rascoe v. State*, 736 N.E.2d 246, 249 (Ind. 2000). A claim that the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493.

[11] Priest first contends that the trial court erred because it failed to find that his "twenty-eight (28) year work history" was a mitigating factor. (Sentencing Tr. 12). However, this Court has previously held that the trial court did not abuse its discretion in failing to find that employment was a significant mitigating factor where the defendant failed to provide a detailed work history, performance reviews, or attendance records. *See Bennett v. State*, 787 N.E.2d 938, 948 (Ind. Ct. App. 2003), *trans. denied*. Priest has also failed to provide such information. Rather, as the State points out, the only work history available to the trial court was information in the presentence investigation report, which indicates that Priest's first job was in 2010 and that he quit one job and lost two others when he was incarcerated. The trial court did not abuse its discretion in failing to find that Priest's work history was a mitigating factor. *See id*.

[12]     Priest also contends that the trial court abused its discretion because it failed to find that his substance abuse was a mitigating factor. However, a trial court is not required to consider a defendant's substance abuse as a mitigating factor. *James v. State*, 643 N.E.2d 321, 323 (Ind. 1994). In fact, substance abuse may be considered an aggravating factor where the defendant is aware of a substance abuse problem but has not taken appropriate steps to treat it. *See Caraway v. State,* 959 N.E.2d 847, 852 (Ind. Ct. App. 2011), *trans. denied*. Here, our review of the evidence reveals that Priest has a twenty-two-year history of committing both misdemeanors and felonies while intoxicated. We agree with the State that Priest "had to have been aware of his substance abuse issues after this string of intoxication-related convictions and orders to get substance abuse treatment. He failed in all of these efforts." (State's Br. 16). The trial court did not abuse its discretion in failing to recognize Priest's substance abuse as a significant mitigating factor.

[13]     Last, Priest argues that the trial court erred in failing to find the hardship to his dependent eighteen-year-old child as a mitigating factor. A trial court is not required to find that a defendant's incarceration would result in undue hardship to his dependents. *Davis v. State*, 835 N.E.2d 1102, 1116 (Ind. Ct. App. 2005), *trans. denied*. Indeed, many defendants have one or more children, and absent special circumstances, trial court are not required to find that imprisonment will result in an undue hardship. *Dowdell v. State*, 720 N.E.2d 1146, 1154 (Ind. 1999). Here, Priest has failed to allege special circumstances causing undue hardship to his eighteen-year-old child. Further, Priest's $5,000.00 child

support arrearage reveals that he has not even been supporting this child. Under these circumstances, the trial court did not abuse its discretion in failing to find hardship to Priest's child as a mitigating factor.

## 2. Inappropriate Sentence

[14] Priest argues that his two and one-half year sentence for his Level 6 felony residential entry conviction is inappropriate. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The defendant bears the burden of persuading this Court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as inappropriate turns on the "culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

[15] When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence is the starting point the Legislature has selected as an appropriate sentence for the crime committed. *Childress*, 848 N.E.2d at 1081. Here, Priest was convicted of Level 6 felony residential entry. The sentencing range for a Level 6 felony is between six months and two and one-half years, with an advisory sentence of one year. I.C. § 35-50-2-7. Priest is correct that the trial court sentenced him to the maximum sentence for the Level 6 felony.

[16]   With regard to the nature of the offense, an intoxicated Priest busted down the front door of Packer's apartment in the middle of the night, jumped on her while she was in bed sleeping, and scared her to the point that she believed she was going to be killed. After she left the apartment, Priest broke items and busted a hole in her kitchen wall.

[17]   With regard to his character, Priest has six prior misdemeanor convictions, including convictions for operating while suspended, public intoxication, reckless driving, operating a motor vehicle while intoxicated, and invasion of privacy. He also has four prior felony convictions, including convictions for operating a motor vehicle while intoxicated with a prior conviction and failure to appear. In addition, he has had two probation revocations and one parole violation, and at the time he committed the offenses in this case, he was on probation for one offense and parole for another offense. Additionally, at the time of sentencing in this case, there was an outstanding warrant on a third offense. Clearly, Priest's former contacts with the law have not caused him to reform himself. *See Jenkins v. State*, 909 N.E.2d 1080, 1086 (Ind. Ct. App. 2009), *trans. denied*. Based on the nature of the offense and his character, Priest has failed to persuade this Court that his two and one-half-year sentence for Level 6 felony residential entry is inappropriate.

[18]   Affirmed.

Kirsch, J., and Riley, J., concur.