## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 22 2016, 9:13 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Nicholas F. Wallace
Deputy Public Defender
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Trey M. Shirely,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | December 22, 2016<br><br>Court of Appeals Case No.<br>02A03-1608-CR-1735<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Frances C. Gull, Judge<br><br>Trial Court Cause No.<br>02D04-1601-F6-62 |

**Brown, Judge.**

[1] Trey M. Shirely appeals his sentence for possession of a synthetic drug or synthetic drug lookalike substance as a level 6 felony. Shirely raises two issues which we revise and restate as:

I. Whether the trial court abused its discretion in sentencing him; and

II. Whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## Facts and Procedural History

[2] On August 18, 2015, Shirely knowingly or intentionally possessed a synthetic drug or a synthetic drug lookalike substance. He had a prior conviction on July 7, 2015, for possession of a synthetic drug or drug lookalike substance.

[3] On January 14, 2016, the State charged Shirely with possession of a synthetic drug or synthetic drug lookalike substance as a level 6 felony, and alleged that he had a previous conviction for possession of a synthetic drug or synthetic drug lookalike substance.

[4] On April 11, 2016, Shirely pled guilty as charged. The court took Shirely's plea under advisement and placed him in the Drug Court Diversion Program.

[5] On June 13, 2016, the State filed a Verified Petition to Terminate Drug Court Participation alleging that Shirely violated the terms and conditions of the Drug Court Participation Agreement by failing to successfully complete transitional

living, testing positive for cocaine, providing a diluted urine screen, and failing to maintain good behavior by being arrested on or about June 8, 2016. The court held a hearing that same day and Shirely admitted the allegations. The court found that Shirely violated the terms of the Drug Court Participation Agreement, ordered him revoked from Drug Court, and scheduled a sentencing hearing.

[6] A sentencing hearing was held on July 19, 2016. Shirely's counsel admitted that Shirely did not "get off to a good start" in the Drug Court Program, tested positive for a benzodiazepine on April 27th, was subsequently incarcerated, was given another opportunity to be successful in the program, "got on track . . . for a short period of time" before he tested positive for cocaine on June 1st, 3rd, and 6th, was arrested on a new offense on June 8th, and was terminated from the Program. Transcript at 8. He argued that Shirely accepted responsibility, was remorseful, his criminal history was nonviolent and related to substance abuse, and he had two young children. He asked for a two-year sentence suspended to probation. Shirely stated that drugs ran his life since he was a child, that he was tired of it, that he was a completely different person, and that "I know I can do it this time if you give me one possible chance please." *Id.* at 13. The prosecutor argued for a sentence of two years with one year suspended to probation.

[7] The court recognized Shirely's plea of guilty, acceptance of responsibility, and remorse as mitigating circumstances. It found his criminal history with failed efforts at rehabilitation from 2009 to 2016, the fact that he was on probation at

the time he committed the offense, and the fact that he had pending charges as aggravating circumstances. The court sentenced Shirely to the Allen County Confinement Facility for classification and confinement for a period of one and one-half years.

## *Discussion*

## I.

[8] The first issue is whether the court abused its discretion in sentencing Shirely. We review the sentence for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* A trial court abuses its discretion if it: (1) fails "to enter a sentencing statement at all;" (2) enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons;" (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law." *Id.* at 490-491. If the trial court has abused its discretion, we will remand for resentencing "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.* at 491. The relative weight or value assignable to reasons properly found, or

those which should have been found, is not subject to review for abuse of discretion. *Id.*

A. *Aggravating Circumstance*

Shirely argues that the trial court erred in giving undue weight to his criminal history as an aggravating circumstance. As noted, the relative weight or value assignable to reasons properly found is not subject to review for abuse of discretion. *Id.*

B. *Mitigating Circumstances*

The determination of mitigating circumstances is within the discretion of the trial court. *Rogers v. State*, 878 N.E.2d 269, 272 (Ind. Ct. App. 2007), *trans. denied*. The court is not obligated to accept the defendant's argument as to what constitutes a mitigating factor, and the court is not required to give the same weight to proffered mitigating factors as does a defendant. *Id.* An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493. If the court does not find the existence of a mitigating factor after it has been argued by counsel, it is not obligated to explain why it has found that the factor does not exist. *Id.*

Shirely argues that the court failed to identify his history of substance abuse and the hardship on his dependent children as mitigating factors. The State argues that the record reflects that Shirely knew for some time that he had a substance

abuse problem and did little or nothing to treat it even after he was given a deferral in this case and placed in the Drug Court Diversion Program. The State asserts that the court could have considered Shirely's drug history as an aggravating factor, and that it did not abuse its discretion in declining to assign mitigating weight to the hardship on his children.

[12] A history of substance abuse is sometimes found by trial courts to be an aggravator, not a mitigator. *Iddings v. State*, 772 N.E.2d 1006, 1018 (Ind. Ct. App. 2002), *trans. denied*. A trial court is not required to consider as mitigating circumstances allegations of appellant's substance abuse. *James v. State*, 643 N.E.2d 321, 323 (Ind. 1994).

[13] The presentence investigation report ("PSI") indicates that Shirely first started using marijuana at age fourteen, using "all day every day" until age eighteen when he claimed he quit. Appellant's Appendix III at 9. Shirely reported using cocaine from age twenty-one until he was placed in the Drug Court Program and that he began using again in May 2016. He admitted using Spice/K2 from age nineteen until his incarceration. He stated that he completed substance abuse treatment at age seventeen or eighteen, but could not recall the name of the agency. He reported participating in substance abuse treatment at the Bowen Center in 2016 and that he currently attends Narcotics Anonymous meetings.

[14] The PSI also states that, Shirely began the Allen Superior Drug Court Program on April 11, 2016, accumulated six positive drug screens while on the program,

began residing at the Thirteen Step House on April 22, 2016, and was unsuccessfully discharged on April 27, 2016. The PSI states that he began residing at Potter's House on May 9, 2016, and was unsuccessfully discharged on June 2, 2016, due to allegations that he was selling drugs at the Potter House.

[15] Under the circumstances, we cannot say that Shirely has shown that the mitigating evidence is both significant and clearly supported by the record or that the trial court abused its discretion by not finding Shirely's substance abuse to be a mitigating circumstance.

[16] To the extent Shirely argues that the trial court abused its discretion by not finding the hardship on his dependents as a mitigator, we note that, at the sentencing hearing, Shirely's counsel merely noted that Shirely had two young children. He did not raise hardship on the dependents as a proposed mitigator and has waived any argument that the trial court abused its discretion by failing to consider this issue as a mitigator. *See Anglemyer Rehearing*, 875 N.E.2d at 220 (observing that the trial court does not abuse its discretion in failing to consider a mitigating factor that was not raised at sentencing).

[17] Even assuming that Shirely raised this as a mitigating circumstance, we observe that "absent special circumstances, trial courts are not required to find that imprisonment will result in an undue hardship." *Dowdell v. State*, 720 N.E.2d 1146, 1154 (Ind. 1999); *see also Benefield v. State*, 904 N.E.2d 239, 247-248 (Ind. Ct. App. 2009) (recognizing that incarceration "almost always" works a

hardship on others and concluding that the defendant failed to show "special circumstances" because there were other people who could take care of the defendant's mother while she was incarcerated), *trans. denied*. The PSI indicates that Shirely had two dependent children, was expecting a third child, and had a work history of various jobs.[1] Shirely points to his letter to the court in which he stated: "I real[l]y need to be clean and stay sober my fiancée and babys [sic] real[l]y need me." Appellant's Appendix II at 36. We cannot say that Shirely has demonstrated that the mitigating evidence as to a burden on his children is both significant and clearly supported by the record or that the trial court abused its discretion.

## II.

[18] The next issue is whether Shirely's sentence is inappropriate in light of the nature of the offense and his character. Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

---

[1] Specifically, the PSI indicates that Shirely worked performing industrial cleaning from 2012 to 2013, as a forklift operator for nine or ten months in 2015, as a machine operator for two or three months in 2016, and as a roofer from May 10, 2016, until he was incarcerated. Shirely reported working various jobs through temporary agencies from 2013 until the beginning of 2016.

[19] Shirely argues that his criminal history is not that significant, he is a remorseful, hard-working man who supports and loves his young family, and that he has a strong support system.

[20] Our review of the nature of the offense reveals that Shirely knowingly or intentionally possessed a synthetic drug or a synthetic drug lookalike substance, and that he had a prior conviction for possession of a synthetic drug or drug lookalike substance.

[21] Our review of the character of the offender reveals that Shirely pled guilty and was initially placed in the Drug Court Diversion Program, but he was unsuccessful in completing the program. He admitted to failing to successfully complete transitional living, testing positive for cocaine on June 1st, June 3rd, and June 6th, providing a diluted urine screen, and failing to maintain good behavior by being arrested on or about June 8, 2016.

[22] Shirely was born on January 1, 1994, and as a juvenile was alleged to have committed criminal mischief as a class B misdemeanor if committed by an adult, was placed on an informal adjustment in January 2009, and was ordered to obtain a drug and alcohol assessment and participate in random urinalysis testing and/or alco-sensor testing. His period of informal adjustment was extended for three months, and he was unsuccessfully discharged from probation. In September 2009, he was found delinquent for interfering with drug/alcohol screening test and criminal mischief as class B misdemeanors if

committed by an adult. In June 2010, he was found delinquent for criminal conversion as a class A misdemeanor if committed by an adult.

As an adult, Shirely was convicted of knowingly or intentionally operating a motor vehicle without ever receiving a license as a misdemeanor in 2013. In July 2015, he was convicted of possession of a synthetic drug or synthetic drug lookalike substance as a misdemeanor and sentenced to "365 days Allen County Jail, suspended, Alcohol Countermeasures Program." Appellant's Appendix III at 6. On January 22, 2016, Shirely was sentenced to 180 days suspended for false informing as a misdemeanor based upon an offense occurring on December 30, 2015. The PSI states that he was facing pending charges of theft of a firearm as a level 6 felony and carrying a handgun without a license as a class A misdemeanor.

Shirely has a history of substance abuse and was on probation when he committed the present offense. The PSI indicates that his overall risk assessment score puts him in the moderate risk category to reoffend.

After due consideration, we conclude that Shirely has not sustained his burden of establishing that his sentence of one and one-half years, following the termination of his participation in the Drug Court Diversion Program, is inappropriate in light of the nature of the offense and his character.

## *Conclusion*

For the foregoing reasons, we affirm Shirely's sentence.

Affirmed.

Vaidik, C.J., and Bradford, J., concur.