## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 14 2016, 8:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Dorothy Ferguson
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dustin Arbuckle,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 14, 2016<br><br>Court of Appeals Case No.<br>48A02-1510-CR-1596<br><br>Appeal from the Madison Circuit Court<br><br>The Honorable David A. Happe, Judge<br><br>Trial Court Cause No.<br>48C04-1503-F3-305, 48C04-1507-F6-1109, and 48C04-1508-F4-1263 |

**Altice, Judge.**

**Case Summary**

[1] Dustin Arbuckle pled guilty to multiple offenses under three separate cause numbers and received an aggregate sentence of fifty years executed in the Department of Correction followed by three years suspended to probation. Arbuckle now appeals, arguing that the trial court abused its discretion in sentencing him and that the sentence imposed is inappropriate.

[2] We affirm.

## Facts & Procedural History

[3] In the early morning hours of February 26, 2015, Jeffrey Monday was asleep in his home in Elwood, Indiana when he awoke to find Arbuckle standing over him, yelling at him to get on the floor or he would be killed. When Monday looked up at Arbuckle, Arbuckle struck him in the face with what appeared to be a pistol. Both Monday and Arbuckle fell to the floor and struggled as Arbuckle attempted to take Monday's wallet. Monday was able to get away from Arbuckle and grab an aluminum baseball bat. Arbuckle rushed at Monday and a struggle over the bat ensued. Monday managed to escape and run to a neighbor's house for help. As he fled, Monday saw Arbuckle leave the house with the aluminum bat. When police arrived, they were able to follow footprints in the snow leading from Monday's house to another residence. When police obtained a search warrant and knocked on the door, Arbuckle answered the door. Upon searching the house, police found a toy gun in Arbuckle's bedroom, shoes matching the footprints between the two residences, Monday's aluminum baseball bat, and a pair of Monday's sunglasses. As a

result of these events, Arbuckle was arrested and charged under cause number 38C04-1503-F3-305 (F3-305) with Level 3 felony burglary, Level 3 felony robbery, and Level 3 felony attempted robbery. Arbuckle was released on bail on May 9, 2015.

[4] On July 17, 2015, a patrolling police officer observed a vehicle leave the roadway and drive left of center. The officer conducted a traffic stop and the driver, Arbuckle, provided an Indiana identification card and told the officer that he had been texting and did not have a valid driver's license. A records check revealed that Arbuckle's license had been suspended after he was determined to be a habitual traffic violator (HTV) in August 2012. Additionally, upon searching the vehicle, the officer located a marijuana cigarette. As a result, Arbuckle was charged under cause number 48C04-1507-F6-1109 (F6-1109) with operating a vehicle after being determined to be a HTV, a Level 6 felony, and class B misdemeanor possession of marijuana. Arbuckle was released on bail on August 1, 2015.

[5] Just six days later, on August 7, 2015, Shawn Young woke up in his Elwood home to find Arbuckle going through a pair of his pants. When Young confronted him, Arbuckle fled through the front door of the home. About twelve hours later, James Jackson saw Arbuckle approach his Elwood home. Jackson was best friends with Arbuckle's brother and had known Arbuckle for approximately thirty years. Jackson watched as Arbuckle walked onto his porch, removed his shoes and socks, placed his socks on his hands, and put his shoes back on. Arbuckle then called Jackson's phone, and when Jackson did

not answer, knocked on the front door. When Jackson did not come to the door, Arbuckle tried to push the front door open. When that did not work, Arbuckle went to a bedroom window and tried to push it open. Arbuckle then removed a window air conditioning unit, and Jackson confronted him and asked what he was doing. Arbuckle asked Jackson for money and then left. About an hour later, Arbuckle arrived at Michael McGuire's home in Elwood. A neighbor watched as Arbuckle peered over McGuire's privacy fence before climbing it. Arbuckle opened McGuire's garage door and entered the garage. At that time, the neighbor confronted Arbuckle. Arbuckle said that the homeowner was his friend and then fled down the street to a waiting vehicle. Police later found Arbuckle hiding in the bushes in the back yard of another residence. As a result of the events of August 7, 2015, Arbuckle was arrested and charged under cause number 48C04-1508-F4-1263 (F4-1263) with burglary and attempted burglary, both as Level 4 felonies; burglary as a Level 5 felony, three counts of theft as Level 6 felonies; three counts of attempted theft as class A misdemeanors; and criminal mischief, a class B misdemeanor.

[6] On August 27, 2015, Arbuckle pled guilty to the charges filed under F3-305, F6-1109, and F4-1263 without the benefit of a plea agreement. With regard to the offenses charged under F3-305, the trial court found that the theft charges merged into the remaining convictions and imposed fourteen-year executed sentences on each of the three Level 3 felony charges. The sentences for robbery and attempted robbery were to be served concurrently, but consecutive

to the sentence for burglary. Thus, Arbuckle received an aggregate twenty-eight-year sentence for the offenses charged under F3-305.

[7] In F4-1263, the trial court imposed consecutive sentences of nine years each on the Level 4 felony burglary and attempted burglary convictions and four years for the Level 5 burglary conviction. The trial court found that the attempted theft and theft convictions merged into the burglary convictions and assessed only a fine and costs on the misdemeanor criminal mischief count. Thus, Arbuckle received an aggregate twenty-two-year sentence for the offenses charged under F4-1263.

[8] With regard to the offenses charged under F6-1109, the trial court imposed a sentence of two and a half years for the HTV offense and six months for possession of marijuana, to be served consecutively. The entirety of the aggregate three-year sentence under F6-1109 was suspended to probation.

[9] As required by statute, the sentences imposed under each cause number were ordered to be served consecutive to one another. Thus, for all three cause numbers, Arbuckle received an aggregate sentence of fifty years executed and three years suspended to probation. Arbuckle now appeals.

## Discussion & Decision

[10] Before addressing the merits of Arbuckle's appeal, we note that his argument conflates two separate sentencing standards: whether the trial court abused its discretion in identifying mitigating and aggravating factors and whether

Arbuckle's sentence is inappropriate pursuant to Indiana Appellate Rule 7. "As our Supreme Court has made clear, inappropriate sentence and abuse of discretion claims are to be analyzed separately." *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). Accordingly, "an inappropriate sentence analysis does not involve an argument that the trial court abused its discretion in sentencing the defendant." *Id.*

[11] With respect to Arbuckle's argument concerning the trial court's consideration of aggravating and mitigating factors, we note that sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* "An abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* at 490 (quoting *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)).

[12] A trial court may abuse its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91. If the trial court abuses its discretion in one of these or another way, remand for resentencing is the appropriate remedy "if we cannot say with

confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.* at 491.

[13] On appeal, Arbuckle notes that the trial court found aggravating and mitigating circumstances, but argues that the court failed to explain "why the aggravators outweigh the mitigators or the rationale for an aggravated sentence above the advisory sentence." *Appellant's Brief* at 11. The basis of this argument is unclear. To the extent that Arbuckle argues that the trial court did not properly weigh the aggravating and mitigating factors, we note that trial courts are no longer obligated to weigh such factors against each other when imposing a sentence. *Anglemyer*, 868 N.E.2d at 491. Thus, a trial court cannot be said to have abused its discretion in failing to properly weigh such factors. *Id.*

[14] To the extent that Arbuckle claims the trial court failed to enter a sufficiently detailed sentencing statement, we note that when imposing a sentence for a felony offense, a trial court must enter a sentencing statement that "include[s] a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence." *Id.* at 490. In this case, the trial court carefully explained its reasoning when imposing Arbuckle's sentence. As aggravating circumstances, the trial court noted Arbuckle's extensive criminal history, which will be detailed further below, as well as the fact that Arbuckle committed multiple crimes against multiple victims. As mitigating circumstances, the trial court noted that Arbuckle accepted responsibility by pleading guilty and expressed remorse. The court went on to find that "the aggravation strongly outweighs the mitigation here, and it does call for an

aggravated sentence." *Transcript* at 54. This is a sufficiently detailed sentencing statement.

[15] Arbuckle also argues that the trial court abused its discretion by overlooking significant mitigating circumstances. An allegation that the trial court failed to identify a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493. A sentencing court is not obligated to find a circumstance to be mitigating merely because it is advanced as such by the defendant, nor is it required to explain why it chose not to make a finding of mitigation. *Felder v. State*, 870 N.E.2d 554, 558 (Ind. Ct. App. 2007). A trial court does not abuse its discretion in failing to find a mitigating factor that is highly disputable in nature, weight, or significance. *Rogers v. State*, 878 N.E.2d 269, 272 (Ind. Ct. App. 2007), *trans. denied*.

[16] Arbuckle appears to argue that the trial court abused its discretion by failing to recognize his history of substance abuse as a mitigating factor. A trial court is not required to consider a defendant's substance abuse as a mitigating circumstance. *James v. State*, 643 N.E.2d 321, 323 (Ind. 1994). In fact, substance abuse may be considered an aggravating circumstance where the defendant is aware of his addiction and does not seek treatment. *See Caraway v. State*, 959 N.E.2d 847, 852 (Ind. Ct. App. 2011), *trans. denied*. Arbuckle admitted to abusing drugs and alcohol beginning at twelve years old. However, Arbuckle reported that the only treatment he ever received was substance abuse classes while incarcerated and a short inpatient stay following a heroin

overdose. In light of Arbuckle's continued drug use and failure to seek out help to battle his addiction, the trial court did not abuse its discretion in declining to find his substance abuse problem to be a mitigating circumstance.

[17] Arbuckle also seems to suggest that the trial court should have identified the presence of a number of his family members at the sentencing hearing, as compared to the absence of any of his victims, as a mitigating factor. Arbuckle has made no attempt to explain why these facts should be considered mitigating, and he has not directed our attention to any authority remotely supporting such a conclusion. The trial court did not abuse its discretion in declining to recognize these circumstances as a mitigating factor.

[18] Finally, Arbuckle claims that the trial court abused its discretion by failing to identify his employment history as a significant mitigating factor. We note, however, that the pre-sentence investigation report establishes that Arbuckle's employment was sporadic and short-lived due to his many incarcerations. The trial court did not abuse its discretion in declining to find Arbuckle's employment history to be a significant mitigating factor. For all of these reasons, we cannot conclude that the trial court abused its discretion in imposing Arbuckle's sentence.

[19] Turning now to Arbuckle's challenge to the appropriateness of his sentence, we note that although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence imposed by

the trial court. *Alvies v. State*, 905 N.E.2d 57, 64 (Ind. Ct. App. 2009) (citing *Anglemyer*, 868 N.E.2d at 491). This appellate authority is implemented through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Anglemyer*, 868 N.E.2d at 491. Nevertheless, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). The appellant bears the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[20] Whether we regard a sentence as appropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Additionally, our review "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* at 1225.

[21] Arbuckle was convicted of three Level 3 felonies,[1] two Level 4 felonies,[2] a Level 5 felony,[3] a Level 6 felony,[4] and two class B misdemeanors.[5] At the sentencing hearing, Arbuckle and the State agreed that the maximum aggregate sentence the trial court could have imposed for all three cause numbers was sixty-five and a half years. Thus, Arbuckle's sentence of fifty years executed followed by three years suspended to probation was well below the maximum he could have received.

[22] On appeal, Arbuckle devotes very little effort to discussing the nature of the offenses, merely stating that "the only stolen item was an aluminum baseball bat, and the only injury was a minor injury to one victims [sic] face." *Appellant's Brief* at 12. Arbuckle has grossly understated the seriousness of his offenses. Arbuckle broke into Monday's home and threatened his life before striking him in the face. Arbuckle then wrestled with Monday in an attempt to take his wallet and then a baseball bat. Shortly after being released on bail for these offenses, Arbuckle was caught driving after being adjudicated an HTV

---

[1] Ind. Code § 35-50-2-5 provides that "[a] person who commits a Level 3 felony . . . shall be imprisoned for a fixed term of between three (3) and sixteen (16) years, with the advisory sentence being nine (9) years."

[2] I.C. § 35-50-2-5.5 provides that "[a] person who commits a Level 4 felony shall be imprisoned for a fixed term of between two (2) and twelve (12) years, with the advisory sentence being six (6) years."

[3] I.C. § 35-50-2-6 provides that "[a] person who commits a Level 5 felony . . . shall be imprisoned for a fixed term of between one (1) and six (6) years, with the advisory sentence being three (3) years."

[4] I.C. § 35-50-2-7 provides that "[a] person who commits a Level 6 felony . . . shall be imprisoned for a fixed term of between six (6) months and two and one-half (2 ½ ) years, with the advisory sentence being one (1) year."

[5] I.C. § 35-50-3-3 provides that "[a] person who commits a Class B misdemeanor shall be imprisoned for a fixed term of not more than one hundred eighty (180) days[.]"

and found to be in possession of marijuana. Just days after being released on bail yet again, Arbuckle went on a crime spree during which be burglarized or attempted to burglarize three residences. Although it appears that the only items Arbuckle actually managed to steal in the course of committing the offenses at issue were Monday's aluminum baseball bat and a pair of sunglasses, it was not for lack of trying. The fact that Arbuckle's multiple attempts to steal items were ultimately unsuccessful does nothing to mitigate the seriousness of these offenses.

[23]     Nor does Arbuckle's character support a revision of his sentence. His criminal history standing alone would be sufficient to justify the sentence imposed. Arbuckle has eight prior felony convictions for offenses including theft, burglary, obstruction of justice, possession of a controlled substance, and operating a vehicle while intoxicated, and according to his own testimony, he has committed numerous burglaries, thefts, and OWI offenses for which he was never caught. He has also violated his probation numerous times, and he was out on bail for the offenses in F3-305 when he committed the offenses in F6-1109, and he was released on bond in F6-1109 a mere six days before committing the offenses in F4-1263. Defense counsel noted that Arbuckle, who was thirty-four years old at the time of sentencing, had already spent eleven years of his adult life behind bars. Despite his numerous contacts with the criminal justice system and the leniency afforded him in the past, Arbuckle has continued to abuse drugs and engage in a pattern of criminal activity that has

escalated in seriousness over time. For all of these reasons, we cannot conclude that Arbuckle's sentence is inappropriate.

[24] We affirm.

[25] Bailey, J. and Bradford, J., concur.